[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action based on nonpayment of rent in connection with an oral month-to-month lease. All parties appear pro se. Although the plaintiff attempted to present other grounds for an eviction at trial, both the complaint and the notice to quit state nonpayment of rent as the sole ground for termination of the tenancy. As was restated in the summary process case of Tehrani v. Century Medical Center,7 Conn. App. 301, 308, 508 A.2d 814 (1986): "The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. (Citations omitted.) Matthews v. E. M. C. Corporation, 190 Conn. 700, 705,462 A.2d 376 (1983). What is in issue is determined by the pleadings and these must be in writing. Telesco v. Telesco,187 Conn. 715, 720, 447 A.2d 752 (1982). Once the pleadings have been filed, the evidence proffered must be relevant to the issues CT Page 2276 raised therein. Arey v. Warden, 187 Conn. 324, 332, 445 A.2d 916
(1982)." (Internal citations omitted.) Therefore, the only issue is whether the defendants failed to pay rent that was due. More specifically, since the notice to quit was signed and served on March 3, the issue is whether the defendants failed to pay rent for the preceding month. General Statutes § 47a-23 (d)[1]
"[T]he burden rested on the plaintiff to prove his case by a fair preponderance of the evidence. . . ." Apuzzo v. Hoer,125 Conn. 196, 204, 4 A.2d 424 (1939); see Farrah v. Farrah,187 Conn. 495, 499-500, 446 A.2d 1075 (1982); Richard v. Shea,93 Conn. 534, 537, 106 A. 759 (1919). Having heard the parties, the court finds that the plaintiff has not done so.
Judgment shall enter for the defendants.
BY THE COURT
Bruce L. Levin, Judge of the Superior Court.