THE MERIDEN TRUST AND SAFE DEPOSIT COMPANY ET AL., ADMINISTRATORS, *vs.* I. BURTON MILLER ET ALS.

Third Judicial District, New Haven, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Neither interpleader, nor an action in the nature of interpleader under General Statutes, § 1019, lies to determine, in a single suit, the title to or ownership of several separate and independent deposits in different banks.

In the present case such an action was brought and was tried and determined upon its merits without objection and with the acquiescence of all parties in interest. *Held* that although the remedy pursued was not the proper one, this court would, for the sake of terminating the litigation, hear and decide the appeal.

With what intent an act is done is a question of fact, the determination

of which by the trial court is not reviewable upon appeal unless its conclusion is one that could not reasonably have been reached upon the evidence presented.

The evidence in the present case reviewed and *held* to support the decision of the trial court, that savings-bank deposits made by a decedent in the names of his sons were intended as a present, completed gift to them.

A deposit of money in a savings-bank with the intention of making a present gift of the amount so deposited, and with notice thereof to the donee who accepts the same, constitutes in law an absolute gift, although the donor may retain possession of the bank-book issued in the donee's name.

The fact that donees of savings-bank deposits subsequently allowed their donor to withdraw some portion of the sums so deposited by him, and furnished him with blank orders for that purpose, does not impair the validity of the previous gift, nor is such an arrangement necessarily and as matter of law inconsistent with the existence of an actual gift.

Argued January 21st—decided April 16th, 1914.

ACTION in the nature of interpleader to determine the rights of the respective claimants in and to certain savings-bank deposits, brought to and tried by the Superior Court in New Haven County, *Curtis, J.;* facts found and judgment rendered for the defendants I. Burton Miller and Charles B. Miller, from which the plaintiffs and the defendant Nettie Miller Kirschner appealed. *No error.*

The finding recites these facts: The plaintiffs are the administrators of Hezekiah H. Miller, who died October 22d, 1911, leaving three children, the defendants I. Burton Miller, Charles B. Miller, and Mrs. Nettie M. Kirschner, who were his only heirs at law. Mrs. Miller, the mother of these three children, died October 18th, 1905, leaving legacies of $500 to her sons, I. Burton and Charles B., and the residue of her estate, $13,213.72, to her daughter, Mrs. Kirschner.

Shortly after the death of their mother, Mr. Miller told each of his sons that he was not satisfied with the division of their mother's estate, and purposed giving

to each son a sufficient amount to equalize their legacies with that of Mrs. Kirschner under their mother's will. In pursuance of this purpose he deposited with eight different savings-banks various sums to the credit of each son. Many of these accounts were opened by a transfer of deposits standing in the name of Mr. Miller to the name of these sons.

At the time of making each deposit to the account of each son, he notified him that he had made the same as a gift, and also told each son that he had made or was making a similar deposit for the benefit of the other son. At these times he procured from his sons for each of said banks which did not have them, their signatures upon slips or cards furnished by the banks, and then returned them to the banks.

At these times he also stated that he desired to possess the power to use a part of the moneys so deposited if he should desire to do so. In order to give their father such power, the sons signed blank orders upon each of the accounts which the father accepted. Mr. Miller only used four of these orders, aggregating $800.

At Mr. Miller's death all of these orders were in his safe-deposit box with the bank-books which he had always kept. To this box I. Burton Miller, as deputy to his father, had a right of access.

Shortly before his death and after making the last of the deposits, he told each of his sons the approximate total given him by these deposits, stating that he had made a similar gift to the other.

Each son made demand upon the plaintiff company as administrator for the deposit-books standing in his name. In making these deposits Mr. Miller intended to make a present gift to his sons of the deposits in their names, and to make them the absolute owners thereof and to divest himself of all control over said moneys, and then to rely upon the gratitude of the sons to give

him the right to exercise their dominion over the moneys for his own benefit to such extent as he might desire.

*Harrison Hewitt* and *Livingston W. Cleaveland,* with whom was *Charles E. Clark,* for the appellant (defendant Nettie Miller Kirschner).

*George A. Clark,* for the appellants (plaintiffs).

· *Charles Welles Gross,* for the appellees (defendants I. Burton and Charles B. Miller).

WHEELER, J.   This action is brought by the plaintiffs, as administrators of Hezekiah H. Miller, against eight savings-banks and three children of said Hezekiah H. Miller, to determine the ownership of such deposits.   The plaintiffs pray judgment that the deposits belong to them and that two of the children, Charles B. Miller and I. Burton Miller, be required to set forth their respective claims to the deposits.

One of the defendant children, Mrs. Kirschner, answers, praying judgment that the plaintiffs have title to said deposits.   Two of the defendant children, Charles B. Miller and I. Burton Miller, answer, setting forth certain facts upon which each bases his title to the books standing in his name and so prays judgment. All of the other defendants, except two of the banks, made default of appearance.   These two did not and do not press any claim to the deposits in their banks.

After hearing had, an interlocutory judgment was entered by the Superior Court adjudging that Charles B. Miller and I. Burton Miller interplead with the plaintiffs and with the defendant Mrs. Kirschner. Thereupon Charles B. and I. Burton Miller and Mrs. Kirschner stipulated that the pleadings heretofore filed "shall constitute the statement of their respective

claims provided for by the interlocutory judgment of interpleader."

Trial was had, and judgment rendered that the deposits on the books standing in the name of I. Burton Miller and Charles B. Miller were owned by them. From this judgment the plaintiffs, administrators, and Mrs. Kirschner have taken this appeal.

This is not an action of interpleader, nor is it properly brought under General Statutes, § 1019, since it is brought to determine the title to eight deposits in eight different stakeholder banks in a single action brought by one of the claimants to these different deposits.

General Statutes, § 1019, provides that any claimant to any money or other property claimed by several may bring a complaint in equity and have the title to the money or property determined. It does not provide that one of several claimants to different sums of money or other property in the possession of different persons may bring his complaint in equity and have determined in a single action the title to these different sums of money or property. The statute does not provide for the joinder of such independent actions. *Grand Lodge* v. *Burns*, 84 Conn. 356, 363, 80 Atl. 157.

As the case reaches us, all of the parties in interest are before the court. The banks do not contest their liability to pay over the deposits represented by these books. The only claimants to them are parties to the action and they have been fully heard. The Superior Court has, with the acquiescence and, we have no doubt, at the request of the claimants, treated the case as properly brought, and ordered the claimants to interplead. This they have done and submitted themselves to the jurisdiction of the court. We, therefore, without approving the course pursued, or recognizing° the remedy adopted as a proper one, will dispose of the case as the interlocutory judgment of the Superior Court

contemplated, since all the parties in interest are before the court and their claims have been fully heard. We dispose of the appeal to end litigation.

The corrections of the finding sought, under the remedy provided by General Statutes, § 797, so far as the same are of moment, relate to the finding that Mr. Miller's intention in making these deposits was to make present gifts and pass title to them at the time the deposits were transferred to the donees and accepted by them.

The evidence before the court required it to find that Mr. Miller made these deposits in the names of his sons with the motive of equalizing the sums received by their sister from their mother, that he notified them of each deposit and that they were gifts to them, which they accepted, and that he procured from them their signatures to slips or cards and filed the same with the banks. Had these been all the facts before the court, the inference that the father intended to make present gifts and vest the title in the sons from the time of making the deposits would have been inevitable. But the appellants claim that even though these inferences might have been drawn from these facts standing alone, they are not permissible when taken in connection with the fact that blank orders were given on these deposits by the donees to the donor at his request.

We find a sufficient answer to this claim in the fact that these orders were given after the deposits were made, the signatures obtained, the intent to make the gifts made plain, the notice of this intent given, and the acceptance of the gifts had. We think the finding of the intent to make present gifts was an inference of fact open to the trial court to draw from a consideration of all the facts, including the giving of the blank orders. A question of intent is a question of fact, the determination of which is not reviewable unless the conclusion

drawn by the trier is one which cannot reasonably be made. *Humiston* v. *Preston*, 66 Conn. 579, 584, 34 Atl. 544; *Harris* v. *Spencer*, 71 Conn. 233, 236, 41 Atl. 773; *Brosty* v. *Thompson*, 79 Conn. 133, 64 Atl. 1.

Correction is asked of the finding that the sons exercised dominion over these funds which the father recognized. We think this inference was fairly open to the court to have made. The facts found show that delivery was made, and no sufficient reason has been furnished for changing these.

If the finding is not to be corrected, the appellants claim that the giving of these blank orders, as matter of law, disputes, conclusively, the inferences of intent and delivery. We cannot so agree. The deposits of moneys in a savings-bank by a donor who retains possession of the bank-book in the name of a donee, with the intention of making a present gift thereof, and with notice to the donee of such gift and an acceptance of the same, constitutes, in law, an accepted gift. Upon his acceptance, the donee's title to the deposit is absolute. All title and right of possession have passed from the donor to the donee. *Kerrigan* v. *Rautigan*, 43 Conn. 17; *Buckingham's Appeal*, 60 Conn. 143, 22 Atl. 509; *Main's Appeal*, 73 Conn. 638, 48 Atl. 965; *Candee* v. *Connecticut Savings Bank*, 81 Conn. 372, 71 Atl. 551.

There are various ways in which such gifts have been made, and they have been upheld by us. In each we found present, as we do here, the requisites of a valid gift *inter vivos*, delivery of possession to the donee, and intent to pass title with the possession, immediately. In each case the beneficial interest was given. In each the gift was irrevocable. The delivery may be actual, or, as here, constructive, manifested by the opening of the accounts, the notice to the donees, their acceptance and acts of dominion over the fund. The blank orders on these deposits were always subject to the control of

these donees, for they were, until used, revocable. The donees had the right to draw orders on these funds, for they could use their own at their will. *Crane* v. *Brewer,* 73 N. J. Eq. 558, 560, 68 Atl. 78.

There is no error.

In this opinion the other judges concurred.