## The D. M. Read Company *vs.* The American Bank and Trust Company.

Third Judicial District, Bridgeport, October Term, 1929.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued November 5th, 1929—decided January 6th, 1930.

*Clarence R. Hall,* for the appellant (plaintiff).

*Henry E. Shannon,* for the appellee (defendant).

Per Curiam. This is an action of *scire facias* against the defendant bank upon a judgment recovered against William J. McPadden in an action in which the defendant had been duly garnisheed and had refused to disclose any estate of William J. McPadden in its possession. The finding recites that Michael McPadden, the father of William J. McPadden, opened an account in the defendant bank in the name of William J. McPadden on December 13th, 1918, when he was sixteen years of age and deposited or caused to be deposited various amounts in this bank account, being the dividends from stock which the father had purchased with his own money and placed in the name of his son, together with the proceeds of an insurance policy which the father had procured with his own money and carried for the benefit of the son. The

account remained in the name of the son until August 16th, 1928, when the father caused the account to be transferred by the bank to his own name.

During all of this period from December 13th, 1918, to August 16th, 1928, the father retained possession and control of the bank account and of the passbook evidencing this amount. Whether the amounts so deposited—none of it having ever been withdrawn—became at the time of their deposit present or immediate gifts to the son, and, as a consequence, subject to garnishment while in the possession of the bank, or whether, as the defendant bank claims, the funds deposited in the bank and the stock taken in the name of William J. McPadden were gifts to him by his father with the intention that they should become his property upon the death of his father, control the decision of this case.

The trial court has found in accordance with the defendant's claim and has further found that Michael McPadden did not intend to make a present or immediate gift to his son. The question of intention was one of fact. *McDermott* v. *McDermott,* 97 Conn. 31, 34, 35, and cases cited, 115, Atl. 638; *Meriden Trust & Safe Deposit Co.* v. *Miller,* 88 Conn. 157, 90 Atl. 228. Upon this controlling issue the evidence was conflicting. The trial court found in accordance with the testimony of the father. We are of the opinion that it cannot be fairly held that the conclusion reached upon this issue was an unreasonable one.

The corrections of the finding as requested are either not well taken, or if made, would not change or modify the result we reach. The finding does not state whether or not the bank knew that these deposits were conditional gifts by the father to his son to take effect upon the father's death. Nothing herein is expressed, even by implication, as to the right of the bank to

close the account in the name of the son and transfer the proceeds thereof to the father, or as to the ultimate liability of the bank to the son for the amount of the deposits transferred by it to the father.

There is no error.