The plaintiff, a young man of twenty-one years, has instituted this action against his mother to recover the total of various deposits made in account No. 18658 in *Page 108 
the American Bank Trust Company, which account stood in the name of "Isabella Opdenbrouw in trust for Bruce Opdenbrouw."
On January 2, 1919, when the plaintiff was less than three years of age, his mother opened this account by making a deposit of one dollar. Other small deposits were made from time to time over a period of about twelve years, including a deposit of $25.71 transferred from the plaintiff's school savings account on September 12, 1925, so that, on February 3, 1931, there was a balance of $366.10 in the account, which sum, on said day, the defendant transferred to an account in her own name.
It is the contention of the plaintiff that the various amounts deposited represented sums earned by him as a result of work performed by him during his boyhood, in addition to various sums given to him from time to time by relatives and friends. Conceding the legal proposition that said earnings during his minority became the property of his parents, the plaintiff claims upon an alleged promise made by the defendant to him when he was six or seven years of age, and reiterated at various times thereafter, to the effect that this account had been opened for the purpose of providing an account wherein his earnings and savings would be deposited for his future benefit.
Mrs. Opdenbrouw denies that the deposits made to this fund were from her son's earnings and explains that the various deposits represent small sums saved by her from amounts given to her by her husband for the household account or taken from her own earnings. She denies that she ever made a gift of the whole or any part of the bank account to her son and maintains that it was her intention at all times to retain control of the account during the entire period of her life, and intended a gift to be effective upon her death when, under the law, any balance remaining in the account would pass immediately to her son without the necessity of probate proceedings.
The court is not satisfied that the plaintiff has proved the basis of his claim. It is hardly conceivable that this young man can now remember with exactness words spoken to him when he was but six or seven years of age, or that his mother intended at that time or later to transfer to him a present interest in whatever amount was then on deposit in the bank, *Page 109 
or which she would thereafter add to it. Little or no weight is given to the testimony of the father of the plaintiff who, it appears, was in litigation with the defendant in this state a few years ago, and who afterwards obtained a divorce in another jurisdiction, and who, in 1931 or 1932, deducted from the weekly allowance which he was giving for the support of his family, the sum of three dollars which his wife had collected from the earnings of the boy during a particular week, and who, at another time, sought to obtain control of the bank account now in dispute. The evidence that large amounts were deposited from gifts to the boy is not sufficiently strong to be convincing.
Under the law of this State a deposit of funds in a savings account in the name of the donor as trustee for another, coupled with an intention to make a gift of the deposit to take effect at that time would amount to a completed gift at the time of the deposit. Minor vs. Rogers, 40 Conn. 512. The question of intention is one of fact, to be determined upon a consideration of all of the evidence. D. M. read Co. vs. AmericanBank trust Co., 110 Conn. 461. Such a gift may be found to have been established even though the donor retains possession of the bank book. Meriden Trust SafeDeposit Co. vs. Miller, 88 Conn. 157.
In this case, the evidence of Mrs. Opdenbrouw is considered worthy of belief, and, as she stated emphatically that she never intended a present completed gift of the whole or any part of the deposit in the bank account, it cannot be found that any completed gift has been satisfactorily proved.
Another contention of the plaintiff is that an irrevocable trust was set up by the defendant for the benefit of her son. This has not been established, for where a person makes a deposit in a savings account in her own name, as trustee for another, intending to reserve a power to draw any part of the deposit during her lifetime, and to use as her own whatever she may withdraw, or otherwise to revoke the intended trust, it is enforceable by the beneficiary upon the death of the depositor only as to such part as remains on deposit at that time. If such a deposit is made, the intention may be to create either a revocable trust, an irrevocable trust or no trust at all. A determination of the donor's intention in this situation is likewise a question of fact. In the absence of evidence of a different intention, a revocable or tentative trust is created when one makes a deposit in the name of the depositor *Page 110 
as trustee for another. Restatement, Trusts, Vol. 1, § 58.
It is concluded therefore that Mrs. Opdenbrouw intended to create a trust revocable by her during her lifetime, and, as she exercised the power of revocation by withdrawing the whole fund, the plaintiff is not entitled to any recovery upon this ground, since this withdrawal was not in conflict with any earlier intent on her part to create an irrevocable trust.
Actually, parts of the fund were used for the benefit of the plaintiff to provide him with necessary surgical care as well as the expenses of his vacation, and, on at least one occasion, his school savings were disbursed by his mother to meet another urgent expense which was contracted for his protection. His father, on whom he now relies in prosecuting this case, was not his protector on that occasion.
It is the young man's contention that he followed his mother's advice in adopting the virtues of industry, thrift, and saving, as he was conscious always that the fruits of these habits in life would be available to him at some time and for his own uses. Such guidance by a parent is to be commended, but if the acceptance thereof by the child was purely in the hope of later pecuniary profit to himself, his virtues were not well planted in his soul. While the plaintiff is insistent upon collecting the money debt which he claims to be owed to him by his mother, he makes no mention of the debt of gratitude and honor which he owes to her for the sacrifices she made for him or for the care and nurture she bestowed on him in his immature years. Debts of the latter kind are readily overlooked (though it would seem impossible that they could be forgotten) as a result of family grievances, either real or fancied. Perhaps it will not be considered inappropriate here to remind the plaintiff that, in spite of the present unpleasantness:
 "A mother is a mother still, The holiest thing alive." The issues are found in favor of the defendant, and judgment may be entered for her to recover taxable costs.