JOHN WALTER *v.* THE HOME NATIONAL BANK AND
TRUST COMPANY OF MERIDEN, ADMINISTRATOR
(ESTATE OF GOSSE WALTER), ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 8—decided August 1, 1961

Lewis J. Somers, for the appellant (plaintiff).

Joseph H. Thalberg, with whom, on the brief, was Thomas J. Galick, for the appellees (defendants).

SHEA, J. The plaintiff brought this action to obtain a judgment declaring that he is the owner of two parcels of land in Cheshire and Meriden constituting a farm. He also requested an order directing a conveyance of the property to him. He is the surviving husband of Gosse Walter, who died in April, 1957. The named defendant is the administrator of Gosse's estate, and the other defendants are her surviving children. The court rendered judgment for the defendants, and the plaintiff has appealed.

The finding, which is not subject to correction, recites the following facts: In 1934, the plaintiff obtained title to a sixty-acre farm by warranty deed which stated that the property was subject to three separate mortgages aggregating $6400, the first mortgage being payable to the Federal Land Bank of Springfield in the amount of $3400. In 1937, the plaintiff became delinquent in the payments of the principal and interest due on this mortgage. The bank instituted foreclosure proceedings against the plaintiff, the other two mortgagees, and certain other defendants who claimed an interest in the property by virtue of attachments or liens. Title to the property became absolute in the bank on December 15, 1938. A short time later, the plaintiff negotiated for the repurchase of the property from the bank, and on December 30, 1938, he made a payment of $600, as a deposit, to apply on the purchase price. On December 29, 1939, the bank conveyed

the property by warranty deed to the plaintiff's wife, Gosse, who executed a purchase money mortgage payable to the bank in the amount of $3000. At the time of this transaction, the plaintiff was in financial difficulties. His creditors included the other defendants in the foreclosure action, to whom he owed substantial amounts. He was also indebted to the United States of America for taxes. Between 1939 and the time of her death, Gosse conveyed certain portions of, or rights in, the property. The plaintiff and his family lived and worked on the farm as a family unit. The plaintiff ran a milk route and worked in a factory. He handled all the finances, made the mortgage payments and paid the taxes and expenses of repairs and maintenance. In 1954, the plaintiff and Gosse became involved in domestic difficulties. Then, for the first time, the plaintiff demanded a conveyance of the property to him. Gosse refused to comply. Because of these difficulties, the plaintiff and his wife were separated for a time. Although the farm was operated as a family project, the plaintiff retained all of the income, and out of it he paid the running expenses. The decedent always held herself out as owner of the property.

The trial court concluded that the plaintiff had paid the purchase price of the property to which title was taken in the name of his wife, that under these circumstances the law presumed a gift, that the burden of rebutting this presumption rested on the plaintiff, that he had failed to sustain this burden, that the plaintiff was not the owner of the property, and that judgment should be rendered for the defendants. The plaintiff, by assignments of error, has attacked the last three of these conclusions. Other assignments of error, relating to the

finding of certain facts and to rulings on evidence, have not been pursued in the plaintiff's brief or in argument and will, therefore, be considered as abandoned. *West Realty Co.* v. *Ennis,* 147 Conn. 602, 603, 164 A.2d 409. The sole question involved in the appeal, then, is whether the court erred in ruling that the plaintiff's evidence was insufficient to rebut the presumption of a gift of the property to his wife.

When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money. *Franke* v. *Franke,* 140 Conn. 133, 138, 98 A.2d 804; *Ward* v. *Ward,* 59 Conn. 188, 195, 22 A. 149. If it can be proved that the intention of the parties was otherwise, there is no resulting trust. *Wilson* v. *Warner,* 89 Conn. 243, 246, 93 A. 533. If the purchase price is paid by one spouse and the conveyance is taken in the name of the other, there is a presumption that a gift was intended. *Ward* v. *Ward,* supra; *White* v. *Amenta,* 110 Conn. 314, 317, 148 A. 345. This presumption, however, is one of fact and not of law and may be rebutted. *Corr's Appeal,* 62 Conn. 403, 407, 26 A. 478; *Fox* v. *Shanley,* 94 Conn. 350, 357, 109 A. 249. The case at bar presented the question of the plaintiff's intention. Intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which could not reasonably be drawn. *Meriden Trust & Safe Deposit Co.* v. *Miller,* 88 Conn. 157, 162, 90 A. 228; *D. M. Read Co.* v. *American Bank & Trust Co.,* 110 Conn. 461, 462, 148 A. 130. The facts found by the court justify its conclusion that the plaintiff failed to establish a resulting trust in his favor and was not the owner of the property.

The plaintiff claims that by reason of his introduction of evidence the presumption that a gift was intended no longer existed and the court erred in rendering judgment against him. Aside from the semantics which may be involved in this statement of his position, the inescapable fact remains that the court in effect concluded that the plaintiff had effectually made a gift of the property to his wife. At the time of the conveyance, she was a natural object of his bounty; that fact was, of itself, a circumstance sufficient to raise an inference that a gift was intended. As a plaintiff, he had the burden of proving that he was the owner of the property. He was therefore required to prove that he did not intend to make a gift and that his wife held the property under a resulting trust. See Restatement (Second), 2 Trusts § 442; *O'Dea* v. *Amodeo,* 118 Conn. 58, 61, 170 A. 486. The court was not required to believe the plaintiff's evidence nor to accept his version of the facts relating to his intent at the time when the title to the property was placed in the name of his wife.

There is no error.

In this opinion the other judges concurred.