[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At the outset, the court notes that the November, 1990 termination of the long standing management agreement between Triangulum Associates and Harrison Conference Center has generated at least three actions in the Waterbury Judicial District viz CV Nos. 0100415, 099242 and 099881.
As the present action is framed in interpleader, it is treated as a proceeding in rem. Zellen v. Second New Haven Bank,454 F. Sup. 1359, 1363 (D.Conn. 1978). This motion was argued on March 4, 1991 and not until the present time was the court completely satisfied that it has subject matter jurisdiction over the res which this dispute concerns.
This is a bill of interpleader brought by Triangulum Associates against Harrison Conference Center of Heritage Village, Inc. and Bank of Boston. The plaintiff is the owner of the Harrison Inn, and the defendant Harrison is the former operator of the inn. Plaintiff seeks a determination of the parties' competing claims to the account held by the defendant Bank, as well as certain accounts receivable of the inn.
Defendant Harrison has filed a motion to strike the complaint alleging that it is not legally sufficient for two reasons. Plaintiff has filed a memorandum in opposition to the motion to strike.
A motion to strike challenges the legal sufficiency of the pleadings. Gordon v. Bridgeport Housing Authority, 208 Conn. 161
(1988); Connecticut Practice Book 152 (rev'd to 1978, as updated to October 1, 1990). It may be used to test a statutory cause of action. Coollick v. Windham, 7 Conn. App. 145 (1986). A motion to strike must rest wholly on the factual allegations in the complaint. Lijedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348
(1988). The motion to strike may only be granted where there is no basis upon which the court may grant relief. Dennison v. Klotz, 12 Conn. App. 570, 576 (1987) cert. denied 206 Conn. 803
(1988).
Defendant raises two claims of alleged legal sufficiency. Each will be discussed separately.
I. WHETHER A CLAIMANT IS A PROPER PARTY TO BRING A BILL OF INTERPLEADER
Defendant argues that Triangulum as a claimant of the funds CT Page 6575 held by the Bank of Boston and the Accounts Receivable, is not a proper plaintiff for bill of interpleader. Defendant argues that only a stakeholder may bring the interpleader action.
However, the Connecticut Statutes provide that,
 Whenever any person has, or is alleged to have, any money or other property. . . which is claimed by two or more persons, either he, or any persons claiming the same, may bring a complaint in the nature of a bill of interpleader. . .
Connecticut General Statutes 52-184 (emphasis added).
At common law, a claimant could not initiate an interpleader: Connecticut law provides a statutory innovation, See 2 Stephenson, Connecticut Civil Procedure 265(b) 52-484, which enables a claimant to be a proper plaintiff to an interpleader action. See: Loda v. H. K. Sargeant Associates, Inc., 188 Conn. 69, 74
(1982).
Defendant, in arguing that a claimant may not bring an interpleader action, cites Bransfield v. Relihan, 2 CTLR 339 (October 8, 1990 Meadow, J.), for that proposition. Bransfield, in turn cites Crozier v. Zaboori, 14 Conn. App. 457, 459-60 n. 2 (1988) quoting Blanchard v. Voghel, 12 Conn. Sup. 210, 212 (C.P. 1943). However, a close reading of Blanchard indicates that the sole authority the court used therein in support of the above stated proposition of law is 30 Am. Jur. Interpleader 8 p. 218. Blanchard does not refer to the Connecticut Statutory provision.
Section 52-484 permits Triangulum as a claimant to bring this action.
II. WHETHER INTERPLEADER IS APPROPRIATE TO DETERMINE COMPETING CLAIMS TO ACCOUNTS RECEIVABLE
Defendant argues that the 52-484 requirement that an interpleader involve claims to ". . . any money or other property in his possession. . ." is not fulfilled, as accounts receivable are not a property in someone's possession.
The Uniform Commercial Code as enacted in Connecticut defines accounts receivable as personal property. See Connecticut General Statutes 42a-9-106.
Defendant cites Meriden Trust Safe Deposit Co. v. Miller,88 Conn. 157, 161 (1914) in support of its position; however, that CT Page 6576 case involved an action by an administrator against various banks holding independent deposits of the decedent's funds. Id. at 161.
To maintain an action of interpleader, there must be a "Specific, identifiable property" to which the court can determine claimants' rights. See 48 C.J.S. Interpleader 11, p. 137.
The Connecticut Supreme Court has ruled that the unpaid balance due on a contractual obligation is the proper subject of an interpleader action. Lipenta v. Lettieri, 72 Conn. 377 (1895); Consociated Presbyterian Society of Green's Farms v. Staples,23 Conn. 544 (1855).
Therefore, the accounts receivable are the proper subject of an action framed as interpleader.
The motion to strike is denied.
So ordered,
LANGENBACH, J.