[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Case No. 64979 is an action in summary process whereby the plaintiff, Sebastian F. DiStefano, the father of the defendant, Steven F. DiStefano, alleging nonpayment of rent, is seeking immediate possession of certain premises located at 235 Main Street, Middlefield, rented and occupied by his son and his son's family.
Case No. 63464 is an action in three counts brought by the plaintiff, Steven F. DiStefano against his father, the defendant Sebastian F. DiStefano. For the sake of clarity and CT Page 2133 simplification the court will refer to the parties by their first name. The father is Sebastian, the son, Steven.
Steven alleges in his complaint the following: count one, a constructive trust; count two, failure of consideration; and, count three, unjust enrichment.
In his answer, Sebastian has raised certain special defenses and has also filed a five count counterclaim alleging in: count one, failure to repay a loan; count two, unjust enrichment; count three, quantum meruit; count four, claiming rent; and, count five, damages to the premises.
After a full trial, all parties present and represented by counsel, the court finds by a preponderance of the credible, relevant and legally admissible evidence the facts as follows:
By agreement of the parties, both cases were tried together and the court will consider only that evidence relevant and legally admissible as to each case. When the evidence is relevant and legally admissible to both cases it will be considered as to both; where it is relevant and legally admissible to one case and not the other the court will view the evidence as so limited.
Sebastian is the father of Steven. In 1985, Steven expressed a desire to find and purchase certain real estate where he and his family could reside and yet rent out portion of same in order that his premises would be supported and paid for by the rentals so generated.
However, Steven's credit standing and his financial statements were unacceptable to mortgagees and he was unable to acquire a mortgage in order to purchase the subject property.
Steven turned to Sebastian for help in purchasing the property. Sebastian agreed provided that he took the property in his name and thereby reap the tax benefits which would accrue to him as owner. Sebastian told Steven that after five years he would turn the premises over to Steven.
Sebastian borrowed the mortgage money from the bank, utilized other funds of his, paid over the mortgage money to CT Page 2134 the seller and took title to the premises in his own name. During the period since the acquisition of the premises Sebastian has expensed some $68,000.00 for closing costs, maintenance, mortgages, taxes, insurance etc. towards the premises.
During the course of his occupancy of the premises, Steven expended from his personal funds the sum of $10,101.75 and in addition acted as property manager of the premises. He entered into leases with tenants, collected rents which he turned over to Sebastian, made repairs himself or engaged others to do so, and did some painting of the rental premises. In addition to the premises occupied by Steven there were two other residential rentals on the property.
Eventually the parties had a falling out. Sebastian brought a summary process action which Steven countered with his complaint.
The court concludes that Steven cannot prevail on his claim of a constructive trust. The law on resulting or constructive trusts in Connecticut is well settled. Resulting trusts arise by operation of law at the time of a conveyance when the purchase money is paid by one party and the legal title is taken in the name of another. Farrah v. Farrah, 187 Conn. 495, 500 (1982); Cohen v. Cohen, 182 Conn. 193,201, 438 A.2d 55 (1980); Zack v. Guzauskas, 171 Conn. 98,101, 368 A.2d 193 (1976).
Because a trust will result only in the party who pays the purchase price at the time of the conveyance, the party seeking to establish the trust has the burden of proving the facts necessary to raise a resulting trust including the fact that he paid the purchase price. Walter v. Home National Bank and Trust Co., 148 Conn. 635, 637, 173 A.2d 503 (1961). There is no question that Sebastian borrowed the money and paid the purchase price. Steven did not pay for the property and allow title to be taken by his father. No resulting trust arose at the time of the conveyance of the real estate, thus the issues in count one of Steven's complaint are found for Sebastian.
The court also finds the issues in count two for Sebastian. Count two sounds in contract and there cannot be a contract where as here there was no meeting of the minds of CT Page 2135 the parties in order to establish a contract and secondly, if such a contract is claimed it must be in writing to satisfy the statute of frauds. General Statutes Sec. 52-550.
In count three Steven asserts that Sebastian would be unjustly enriched unless Steven was compensated for the managerial services, expenditures and improvements he expended in Sebastian's behalf with regard to the property. The court agrees that Steven, in addition to personal expenditures of $10,101.75, should be reimbursed for the value of improvements he made to the property in the amount of $14,606.95 which include expenditures for a new roof, replacement stairs, replacement porch, replacement garage doors, two steel doors, a pool deck and a deck.
Steven should also be reimbursed for functioning as manager of the property for the benefit of Sebastian. However, Steven offered no evidence as to the value of such undertaking thereby limiting the court to an award of nominal damages.
The court concludes that Sebastian's intent was to make a gift in the future to Steven. The gift would be of the subject property. However, since there was no delivery, Sebastian had the right to change his mind. Until delivery, an inter vivos gift is revocable at the whim of the donor.
As to the counterclaim, the court finds by a preponderance of the credible, relevant and legally admissible evidence as follows.
On or about February 29, 1988 Sebastian lent $5,000.00 to Steven of which only $2,000.00 has been repaid. The issues are found for Sebastian on count one of his counterclaim, thus he should recover $3,000.00 from Steven.
Because Sebastian is the owner of the premises he cannot prevail on counts two and three of his counterclaim.
Sebastian as owner is entitled to collect rent from Steven. Therefore, the issues are found for Sebastian on count four of his counterclaim, so there is due and owing him the sum of $2,100.00 as rent for July, August and September of 1991. CT Page 2136
The court finds the issues for Steven on count five of Sebastian's counterclaim. The improvements made to the property by Steven benefited Sebastian and caused no damage. Further, by failing to protest, Sebastian gave his implied consent to the improvements.
As to the summary process action, the court finds that Steven did not wilfully withhold any rent from Sebastian. Steven acted as though he was the beneficial owner of the property and never considered his monthly contribution to the property as rent. Although this court holds that Steven was not the owner, it will not, in equity, grant judgment of immediate possession against him. Sebastian, until the parties falling out, led Steven to believe that he would some day have legal title to the premises causing Steven to act as though he were the owner. The court finds that Steven owes the rent but under equitable considerations should not be evicted from the premises but the rent due should be deducted from his judgment against Sebastian.
Accordingly, as to Case No. 63464, Steven F. DiStefano v. Sebastian DiStefano judgment is entered as follows:
On counts one and two of the plaintiff's complaint judgment is entered for the defendant.
On count three of the plaintiff's complaint, judgment is entered for the plaintiff to recover of the defendant the sum of $24,708.70.
On count one of the defendant's counterclaim, judgment is entered for the defendant to recover of the plaintiff the sum of $3,000.00.
On count four of the defendant's counterclaim, judgment is entered for the defendant to recover of the plaintiff the sum of $2,100.00.
On counts two, three and five of the defendant's counterclaim, judgment is entered in favor for the plaintiff.
The judgments set off against each other indicate a net balance due the plaintiff in the amount of $19,608.70. CT Page 2137
In Case No. 64979, Sebastian DiStefano v. Steven DiStefano, et al, although it found rent due, in the exercise of its equitable power the court will not grant immediate possession of the premises to the plaintiff.
The court in Case No. 63464 has set off the rent due the plaintiff against its judgment in favor of the defendant. Therefore, judgment may enter for the defendant.
The court enters the additional orders as follows:
Although a net judgment in the amount of $19,608.70 is entered in Case No. 63464 in favor of the plaintiff, the defendant need not pay over said sum to the plaintiff but may deduct from said sum as rent from the plaintiff the amount of $700 per month until the property is sold or the plaintiff vacates the premises. Upon such event, the defendant shall pay over any amounts remaining due after deducting the rent as indicated above.
The court orders the release, to the plaintiff in Case No. 64979, of all sums paid as use and occupancy by the defendant.
Judgments may enter as indicated above without costs to the parties.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk