FILOMENA MONGILLO *v.* RALPH MONGILLO

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 76388

Memorandum filed March 14, 1953.

*Anthony M. Tapogna,* of Hartford, for the Plaintiff.

*Cornelius J. Danaher,* of Meriden, for the Defendant.

CULLINAN, J. The plaintiff brings this action against her husband seeking a decree compelling the defendant to convey to her an undivided one-half interest in two properties which she claims were bought by him with their common money. She further contends that, with respect to one of these properties which contains a dwelling, there was an unequivocal agreement that the land and building would be owned

by them both and that title would be placed in both names. The husband denies the agreement concerning joint title and disavows the contention that the properties were purchased with common funds.

The parties were married in Italy in November, 1920, and emigrated to the United States some six months later, whereupon they settled in Southington. Five children were born of the union, the eldest having arrived in November, 1921, within a year of the marriage. Through the succeeding years the family has continued to live in Southington. Three of the children have married and the remaining two live with their mother.

The story of the development and growth of this family is a typical American tale with overtones of hardship, privation, industry, frugality, high-lighted by a hard working mother devoting herself to the children as well as to farm and factory to supplement income and thus to acquire and retain a family home. As is so often the case, dissension embittered the parents, causing their permanent separation in 1942.

As early as 1922, Mrs. Mongillo began to labor in the fields, where she performed the most difficult and menial tasks. Thereafter she worked in a Southington factory and thus her program alternated for many years between factory and farm except for the occasions when her confinements made extra work impossible. Her employment continued until 1939 when she suffered a severe heart attack.

It was at this point, I suspect, that serious strife began to divide the parties since it was then evident to Mr. Mongillo that his wife could no longer toil for income. Having relied on her earnings through the years, he became unhappy and quarrelsome at the thought of her incapacity and promptly proceeded to neglect her, thus forcing the children to fill the void and to support their mother. This

callousness continued to 1942, when Mrs. Mongillo was compelled to resort to the town court of Southington, where relief came in the form of a support order entered against her husband.

During the entire period of her employment, her earnings went to the support of the family, permitting Mr. Mongillo to gather accumulations from his meagre salary, both parties working and saving to make the purchase of a house possible and thereafter to liquidate its mortgage, at the same time striving to improve the lot of the children and to maintain the house in adequate repair. There can be no question that Mr. and Mrs. Mongillo were acting as joint adventurers and that it was understood, always, that the fruits of their efforts were and would be common property.

The original acquisition consisted of a three-quarter acre tract of land on the Cheshire Turnpike, purchased in 1924 for $350. Since that time an unpretentious shack has been built on the property with a present value of $650, while the land is currently appraised at $2000.

A year later, in 1925, the parties were able to buy another plot of ground on High Street, Southington, for which $700 was paid. They were then able to acquire a dilapidated dwelling in another part of town, which dwelling was moved to the High Street lot at a cost of $1000. Thereafter the building was made usable as a two-family house through the expenditure of $2100, $1500 of which was represented by a first mortgage to the Southington Bank and Trust Company, on which debt $300 remains due. I have no question that title to this property, although taken in the defendant's name, was intended to be held for the benefit of husband and wife and that Mr. Mongillo promised that the holding was and would be joint property. It is apparent that the

Turnpike tract and the High Street building lot were purchased with the joint funds of the parties and that payment for the buildings which now stand on the properties represented the joint effort and savings of the couple.

Mr. Mongillo's title to the properties is subject to a resulting trust in favor of his wife to the extent of half the value of the premises. A resulting trust is founded upon a presumed intention of the parties. Where there is an express parol agreement to the same effect as the implied one, it does not defeat the resulting trust. *Barrows* v. *Bohan,* 41 Conn. 278. Nor will the Statute of Frauds extend to trusts arising by operation of law. *Ward* v. *Ward,* 59 Conn. 188; *Corr's Appeal,* 62 Conn. 403. It is now well settled that a resulting trust is imposed by equity in property held by one if it appears that another has an interest therein. *Root* v. *New Haven Trust Co.,* 82 Conn. 600; *Dolan* v. *Dolan,* 107 Conn. 342; *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418; *Glotzer* v. *Keyes,* 125 Conn. 227.

1. Accordingly a decree may enter vesting in the plaintiff an undivided one-half interest in and to the property described in paragraph 5 of the plaintiff's complaint, which property is referred to as the Turnpike property.

2. A decree may enter vesting in the plaintiff an undivided one-half interest in and to the property described in paragraph 4 of the plaintiff's complaint, subject to the payment of half of the mortgage debt of $300, which property is referred to as the High Street property.

3. The defendant, within one month from date, is ordered to execute proper deeds or instruments to give effect to the terms of this decree.