ROSE ZACK, EXECUTRIX (ESTATE OF WILLIAM GUZAUSKAS), ET AL. *v.* KATHRYN GUZAUSKAS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued March 3—decision released May 25, 1976

*Robert L. Hirtle, Jr.,* for the appellants (plaintiffs).

*Dwight O. Schweitzer,* with whom, on the brief, was *Bruce Mayor,* for the appellee (defendant).

LONGO, J. The plaintiffs in this action ask that a trust for their benefit be imposed upon real property owned of record by the defendant, basing their claims on theories of resulting and constructive trust. The trial court concluded that the defendant is the sole legal and equitable owner of the property which is the subject of this dispute, and rendered judgment in favor of the defendant. The plaintiffs

have appealed to this court from that judgment. Many of the plaintiffs' assignments of error relating to correction of the court's finding have not been briefed and are therefore considered to have been abandoned. *State* v. *Brown,* 163 Conn. 52, 55, 301 A.2d 547; Maltbie, Conn. App. Proc. § 327. The remaining assignments of error and the issues raised therein are discussed in the opinion.

The facts pertinent to this appeal, which appear in the finding and which are not subject to correction, may be summarized as follows: The plaintiff Anna Guzauskas is the widow of the deceased William Guzauskas, and the plaintiff Rose Zack is the executrix under his will. The defendant, Kathryn Guzauskas, was married to Martin Guzauskas, the son of Anna and William, from 1947 until 1968, when the marriage ended in divorce. In 1952, Martin and the defendant wanted to establish and operate a trailer park on a parcel of land on Broad Street in Bristol. The parents, Anna and William, provided $6400, which was used to purchase the parcel of land. Title to the property was taken in the names of Martin and the defendant. When the business was incorporated in 1955, it was understood by the parties that the real property would not be transferred to the corporation, but would remain the individual holding of Martin and the defendant. At that time, the parents each were issued thirty-five shares of stock and Martin and the defendant were issued forty shares each. The parents were employed by the corporation as caretakers at the trailer park for salaries totalling $300 per month, and were given the use of certain lots in the trailer park without charge. In addition, they received $6000 from their son Martin. When Anna Guzauskas consulted her attorney in 1958, she was informed

that the title to the real property was in the names of Martin and the defendant. For a number of years following incorporation, the business progressed smoothly and the salaries received by the parents totalled in excess of $40,000. In 1968, as part of the property settlement and divorce decree, Martin conveyed to the defendant his forty shares of stock and his one-half interest in the real property. It is that real property which is the subject of this action and which the plaintiffs claim is held by the defendant in a resulting trust or a constructive trust for the benefit of Anna Guzauskas and her husband's estate.

"In *Walter* v. *Home National Bank & Trust Co.,* 148 Conn. 635, 638, 173 A.2d 503, the principles of law involving a purchase money resulting trust . . . were clearly and succinctly stated: 'When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money. *Franke* v. *Franke,* 140 Conn. 133, 138, 98 A.2d 804; *Ward* v. *Ward,* 59 Conn. 188, 195, 22 A. 149. If it can be proved that the intention of the parties was otherwise, there is no resulting trust. *Wilson* v. *Warner,* 89 Conn. 243, 246, 93 A. 533.' " *Whitney* v. *Whitney,* 171 Conn. 23, 33, 368 A.2d 96. The intent that such a trust be created will be presumed in certain instances;[1] in others, it may be inferred

---

[1] It is unnecessary for us to consider in detail those instances in which a purchase money resulting trust will arise by presumption or the ways in which such a trust is rebuttable. We note, however, that in a case such as the one at hand, where the purchase money was provided by parents to their child or his spouse, the presumption is that a trust was not intended, but that a gift of money was made. See 76 Am. Jur. 2d, Trusts, § 208. Neither party seeks to rely upon or to rebut the presumption that a gift was intended.

from the circumstances of the case. In this case, the trial court found that there was no intent to create a resulting trust with regard to the real property located on Broad Street in Bristol and the court concluded that the $6400 used to purchase the property and provided by Anna and William Guzauskas to their son Martin and the defendant was intended as a loan. This conclusion is amply supported by the court's finding of fact, which, in turn, is fully supported by the evidence.

The plaintiff Anna Guzauskas claims that she had discussed the status of title to the real property on several occasions with her son Martin, and that she and her husband, William, had provided $6400 for its purchase with the mutual understanding and intent that they would have an interest in the property, and that it would be owned in part by them. The weight, if any, to be given to her testimony on the issue of intent is a matter of which the trier is the judge. See *Slavitt* v. *Ives,* 163 Conn. 198, 212, 303 A.2d 13; *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262. Thus, the finding of the trial court that there was no such intent cannot be disturbed because it is based on a determination of credibility. See *French* v. *Oberreuter,* 157 Conn. 181, 184, 251 A.2d 67. The finding also reveals that the son Martin was present during the trial and sat at the plaintiffs' table. He was not offered by them as a witness although, as the court found, he was a witness the plaintiffs would naturally produce and his testimony could easily have supported his mother's claims, if true. There was no error in the conclusion that had Martin testified his testimony would have been unfavorable to the plaintiffs. See *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 674–76, 165 A.2d 598.

The circumstances surrounding this dispute indicate a typical and not unusual transaction where parents have advanced funds to a son or daughter for the purpose of engaging in a business or purchasing a home. The court's conclusion that the money provided by the parents was intended as a loan to their son and the defendant is supported by the finding that the parents were repaid by Martin and the defendant when the business was incorporated. In fact, the plaintiffs' amended substitute complaint admits that the parents were "repaid the sum of $6000." The "general rule is that the use of borrowed money in making a purchase does not raise a resulting trust in favor of the lender, even where the money is loaned to enable the borrower to purchase the property in question." 76 Am. Jur. 2d, Trusts, § 212. Therefore, we find that the trial court did not err in concluding that no resulting trust arose for the benefit of the plaintiffs.

We find no error in the court's conclusion that no constructive trust for the benefit of the plaintiffs should be imposed upon the property. While a resulting trust arises to enforce presumed or inferred intent, usually in the absence of any element of fraud, a constructive trust arises "contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." 76 Am. Jur. 2d, Trusts, § 221, p. 446; see *Van Auken* v. *Tyrrell*, 130 Conn. 289, 291–92, 33 A.2d 339.

104

As to fraudulent or unconscionable acts on the part of the defendant, the finding of the trial court on that point is unequivocal and the plaintiffs have not included in their brief an appendix in order to secure additions to the finding on this point. See *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 267, 287 A.2d 374; *Barnini* v. *Sun Oil Co.,* 161 Conn. 59, 60, 283 A.2d 217. The court found that there was no evidence offered by the plaintiffs to show that the defendant was ever aware of any understanding that the parents were to have an interest in the real property on Broad Street or that it was to be owned in part by them.

The specific claim of the plaintiffs is that there has been an abuse by the defendant of the confidence which existed between the parties. There is nothing in the record to show that there was a technical fiduciary relationship or that there was an informal relationship whereby trust or confidence was reposed in the defendant by Anna or William Guzauskas. The relationship of parents-in-law to daughter-in-law is not sufficiently analogous to that of parent and child, attorney and client, or guardian and ward to support a conclusion that the relationship is one in which "there is ordinarily a special trust and confidence and the likelihood of the exercise of personal influence and control such that one would expect of the other fair dealing and mutual consideration." *Worobey* v. *Sibieth,* 136 Conn. 352, 359, 71 A.2d 80. In this case the uncontested finding is that the defendant daughter-in-law was not on speaking terms with the plaintiff Anna Guzauskas at the time the $6400 was provided by the parents, and that at the time of trial Anna Guzauskas and the defendant had not spoken for twenty-two years.

We find no error in the court's conclusion that no confidential relationship existed between the parents and the defendant daughter-in-law.

Our disposition of the issues considered above makes it unnecessary for us to consider the conclusions of the court which relate to the lapse of time before the plaintiffs sought to enforce their claim and their silence when the son Martin conveyed total record title to the defendant.

There is no error.

In this opinion the other judges concurred.