GEORGE H. FARRAH ET AL. *v.* ELIAS H. FARRAH ET AL.

PETERS, HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued March 5—decision released July 6, 1982

*Harry L. Nair,* for the appellants (plaintiffs).

*Robert C. Danaher,* with whom, on the brief, was *Shereen F. Edelson,* for the appellees (defendants).

ARMENTANO, J. This appeal questions the propriety of the trial court's finding that the plaintiffs did not hold a beneficial interest by way of a resulting trust in residential property owned by the defendants. The plaintiffs, husband and wife, sought a temporary and permanent injunction enjoining the defendants, the brother and sister of George H. Farrah (hereinafter Farrah), from proceeding with their summary process action against the plaintiffs, and sought a judgment declaring that the plaintiffs are the beneficial owners of residential property located at 250 Kenyon Street in Hartford.

The plaintiffs and their five children have resided in the home since Farrah first purchased it on June 6, 1966 from the previous owner. As consideration for the conveyance, Farrah paid $35,000, which funds he borrowed from the Rodell Corporation. The Rodell Corporation received from Farrah a mortgage deed and a mortgage note in the amount of $40,000, payable within six months, with interest at 1 percent per month payable monthly. Farrah has not held title to the property since the day he purchased it on June 6, 1966. On that date he conveyed the property by a quitclaim deed to the Farrbeck Corporation, a closely held corporation which he controlled.

On February 3, 1967 the Rodell Corporation brought a foreclosure action against Farrah and the Farrbeck Corporation. Before the matter was settled, the Farrbeck Corporation conveyed title to the property by warranty deed to the Connecticut Betterment Corporation, on the day of its incorporation, March 8, 1967. The Connecticut Betterment Corporation gave a certificate stating that it was holding its interest in the property for the children of the plaintiffs, and the plaintiff, Aynesse Farrah, as guardian of the children. The case was settled by agreement among the parties pursuant to the terms of which Herman Fishman, loaned Farrah $31,000 for eighteen months to pay part of the Rodell Corporation mortgage, and Rodell Corporation conveyed its interest in the property to Edward Fishman, Herman Fishman's son, on October 24, 1967. The remaining funds were provided by a family friend and an officer of Connecticut Betterment Corporation, William Beckerman, who loaned the plaintiffs $6500, and executed a $2000 note to the Rodell Corporation. The plaintiffs executed a note on October 11, 1967 to Beckerman or Connecticut Betterment Corporation in the amount of $6500, but made no payments on the note for at least two years.

Edward Fishman served a notice to quit on the plaintiffs on February 18, 1969, followed by a summary process action on March 18, 1969. Farrah brought an action against both Herman and Edward Fishman on March 1, 1969 seeking a judgment declaring that Edward was holding title to the property only as security for his father's loan to Farrah. For purposes of settlement, on June 25, 1969, Edward Fishman executed a bond for deed to Farrah, which Farrah assigned to the defendants

on the same day. Farrah was to pay Edward Fishman $3500 by July 20, 1969, plus $31,500 and a per diem for use and occupancy to Fishman by September 20, 1969. Farrah also was to pay all outstanding liens on the property.

Because Farrah had a poor credit rating, and no funds, he could not obtain a mortgage with which to pay Edward Fishman. The defendants agreed to obtain a mortgage and hold title to the property free from encumbrances. The other terms of their agreement are disputed. The plaintiffs allege that the defendants held the property in a trust resulting to them as the payors of the purchase price because they promised to satisfy the mortgage obligation of the defendants. On the other hand, the defendants allege that the parties agreed that any payments made by the plaintiffs would be in the nature of rent for use and occupancy.

Edward Fishman refused to execute a warranty deed to the defendants. Accordingly, the defendants' attorney arranged to have all possible holders of any interest in the property, Edward Fishman, Connecticut Betterment Corporation, William Beckerman, Farrbeck Corporation and Farrah, to convey that interest by quitclaim deed or release of attachment, to Raymond Ganim, counsel for the plaintiffs, who then executed a warranty deed to the defendants on September 17, 1969.

As consideration for conveyance of his interest, Edward Fishman was paid the proceeds of the defendants' $28,000 mortgage from the Society for Savings, $4507 which Ganim paid and for which he received a mortgage in that sum executed by the defendants, plus a $3500 deposit the source of which

is in dispute.[1]  Ganim testified that he advanced the $4507 to the defendants as a loan for a few days and was surprised to receive the mortgage in return. Beckerman and the plaintiffs testified that Beckerman paid $8500 for which he received a note signed by Aynesse Farrah as guardian, and Farrah as guarantor.  The defendants conveyed a mortgage deed to Society for Savings on September 18, 1969.

Farrah paid the defendants the amount of the mortgage payments until 1972, when he started falling behind.  On April 27, 1973, counsel for the defendants demanded by letter that the plaintiffs arrange to buy the house or vacate it.  The next month Farrah brought suit against the defendants, but withdrew it before the trial began.

Five years later, the defendants instituted a summary process action against the plaintiffs, which was followed soon thereafter by the present action. After a trial to the court, the court found that the defendants agreed to take title to the premises on the condition that the encumbrances would be cleared and that they would be obligated on the two mortgages, one to the bank and one to Ganim.  The plaintiffs would pay rent in the amount of the mortgage, taxes, insurance, and other assessments on the property.  The court further found that there was no discussion of intent to hold the property in trust, but that the defendants purchased the property to provide a home for the plaintiffs' family and for investment purposes.  After concluding that the plaintiffs failed to prove by a fair

---

[1] Farrah alleges that Ganim paid the $3500 deposit in his behalf as a loan.  Ganim and counsel for the defendants do not remember who paid the deposit.  Beckerman and the defendants testified that each of them did not pay the deposit.

preponderance of the evidence that a trust was agreed upon or resulted in the plaintiffs, the court rendered judgment for the defendants. In their appeal the plaintiffs claim that the trial court's finding that there is no resulting trust is clearly erroneous, and unsupported by the law and facts.

The law on resulting trusts in Connecticut is well settled. Resulting trusts arise by operation of law at the time of a conveyance when the purchase money for property is paid by one party and the legal title is taken in the name of another. *Cohen* v. *Cohen,* 182 Conn. 193, 201, 438 A.2d 55 (1980); *Zack* v. *Guzauskas,* 171 Conn. 98, 101, 368 A.2d 193 (1976); *Walter* v. *Home National Bank & Trust Co.,* 148 Conn. 635, 638, 173 A.2d 503 (1961); *Ward* v. *Ward,* 59 Conn. 188, 195, 22 A. 149 (1890); *Dean* v. *Dean,* 6 Conn. 285, 288 (1826); 2 Restatement (Second), Trusts §§ 404, 440; Scott, "Resulting Trusts Arising Upon the Purchase of Land," 40 Harv. L. Rev. 669, 670 (1927). The presumed intent from which the law infers a trust may be rebutted by proof of contrary intent. E.g., *Walter* v. *Home National Bank & Trust Co.,* supra, 638; *Ward* v. *Ward,* supra, 196.

If the nominal grantee is a natural object of the payor's bounty, then the presumption of trust is rebutted, because the law presumes a donative intent. E.g., *Whitney* v. *Whitney,* 171 Conn. 23, 33, 368 A.2d 96 (1976); *Walter* v. *Home National Bank & Trust Co.,* supra, 639; *Ward* v. *Ward,* supra, 195–96; see 2 Restatement (Second), Trusts §§ 442, 443. Siblings, however, are not considered natural objects of the payor's bounty. *Ward* v. *Ward,* supra, 196; Scott, supra, 682.

Because a trust will result only in the party who pays the purchase price at the time of the conveyance, the party seeking to establish the trust has the burden of proving the facts necessary to raise a resulting trust, including the fact that he paid the purchase price. *Walter* v. *Home National Bank & Trust Co.,* supra, 637; 2 Restatement (Second), Trusts § 458; see *Ward* v. *Ward,* supra, 196; Scott, supra, 680–81, 697–98. The law will infer the intention when those facts are found. *Fox* v. *Shanley,* 94 Conn. 350, 356, 109 A. 249 (1919). The party seeking to establish a resulting trust may prove consistent intention by parol evidence. The statute of frauds does not extend to implied trusts because the intention is evidenced by conduct rather than by language. *Reynolds* v. *Reynolds,* 121 Conn. 153, 158, 183 A. 394 (1936); *Ward* v. *Ward,* supra; *Mongillo* v. *Mongillo,* 18 Conn. Sup. 254, 257 (1953); Scott, supra, 672; see 2 Restatement (Second), Trusts § 406. The alleged payor need not prove that he paid cash; a real obligation to pay which existed at the time title passed will suffice. *Fox* v. *Shanley,* supra, 361. If the plaintiffs had met their burden of proving that the defendants had agreed to lend their credit to the plaintiffs, then a resulting trust would have arisen in the plaintiffs at the time of the conveyance to the defendants. 2 Restatement (Second), Trusts §§ 448, 456; Scott, supra, 704. Under those circumstances, however, the defendants would have had a security interest in the property and the plaintiffs could not compel conveyance until they had paid the obligation owing by the defendants. 2 Restatement (Second), Trusts, supra; Scott, supra, 705.

This court will affirm the trial court's finding that the plaintiffs did not pay the purchase price if it

is reasonably supported by the evidence. E.g., *Whitney* v. *Whitney*, supra, 33; *Walter* v. *Home National Bank & Trust Co.*, supra, 638–39; *Franke* v. *Franke*, 140 Conn. 133, 139, 98 A.2d 804 (1953).

The plaintiffs' claim that the trial court's finding that the purchase price for the property was the proceeds of the two mortgages is clearly erroneous. The sum of the proceeds of the Society for Savings mortgage, $23,875, plus the $4507 mortgage by Ganim, equals $28,382. It is undisputed that a $3500 deposit was also paid, and there is some testimony that these three payments, totalling approximately $31,882, were all that was paid to Edward Fishman, despite the fact that the bond for deed recited a purchase price of $35,000. The court's omission of the $3500 from its finding of the purchase price is immaterial because the record supports the court's finding that the plaintiffs did not pay any part of the purchase price.

The plaintiffs claim that their payment of the mortgage obligation relates back to the time of the conveyance and hence constitutes payment of the purchase price. Evidence of acts subsequent to the conveyance are relevant only to intent at the time title passed. *Fox* v. *Shanley*, supra, 361; *Barrows* v. *Bohan*, 41 Conn. 278, 284 (1874); *New York Casualty Co.* v. *City Construction Co.*, 16 Conn. Sup. 470, 473 (1950). Because the plaintiffs were in possession of the property, the plaintiffs' payment of part of the defendants' mortgage obligation and property expenses is entirely consistent with the court's finding that it constituted rent for use and occupancy.

The plaintiffs' alleged obligation to repay the mortgages of the defendants and the note to

Beckerman is supported primarily by their own testimony and the note to Beckerman, which the trial court apparently discredited. It was within the court's province to credit the contrary testimony that the entire purchase price was paid by the defendants or in their behalf. The trial court's finding that the defendants' partial motive was to provide a home for the plaintiffs and their family is consistent with the defendants' payment of the purchase price. Accordingly, the trial court did not err in finding that the plaintiffs had failed to meet their burden of proving a resulting trust.

There is no error.

In this opinion PETERS, HEALEY and PARSKEY, Js., concurred.

SHEA, J. (concurring). The majority opinion virtually concedes that the finding of the trial court that the purchase price of the property was the proceeds of the two mortgages was incorrect because it recognizes that a deposit of $3500 was also paid to the seller. This error is deemed immaterial, however, because of the court's finding that the plaintiffs did not pay any part of the purchase price. The finding referred to is as follows: "The court did not find that the plaintiffs paid the purchase price. On the contrary, the purchase price was the proceeds of the two mortgages." The failure of the court to realize that at least[1] $3500 more than the

---

[1] Although the majority opinion assumes that the purchase price for the property was $31,882, consisting of the deposit and the proceeds of the two mortgages, the plaintiffs claimed that the price was $35,000 and that they or others acting in their behalf had paid the balance above $28,382, the proceeds of the two mortgages. The defendants have never disputed that the price was $35,000.

mortgage proceeds was paid to the seller explains the absence of any finding as to who paid the balance of the purchase price. The defendants admitted that they had not done so. The mistake as to the amount of the purchase price cannot be regarded as immaterial because it may well have induced the court to reject the testimony offered by the plaintiffs that the balance of the price had been paid by them or in their behalf. The court could hardly accept this testimony while laboring under the misapprehension that there was no such balance.

Nevertheless, I agree with the result, because the court appears to have found that any presumption of a resulting trust was rebutted by the fact that the defendants acquired the property to provide a home for the plaintiffs and their family and also as an investment property. The memorandum of decision states: "The plaintiffs also assume that since the court found no intent by the parties to create a trust that there was a vacuum in which a resulting trust arose. On the contrary, the court found that the defendants purchased the property primarily to provide a home for the plaintiffs and their family but also to take advantage of tax consequences of such investment property." This alternative ground of the decision was not clearly erroneous.