[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff and defendant are brothers. Plaintiff sues defendant to have this court declare plaintiff has a one-half interest in property known as 53-55 Linnmore Street, Hartford, and to recover $7,500 allegedly given to defendant as a deposit for the unconsummated purchase of defendant's one-half interest in the property. Defendant sues plaintiff in his counterclaim to recover $73,309 loaned to plaintiff which plaintiff has refused to repay.
As to the complaint, the court finds the following facts. Plaintiff and defendant had been partners in a business and in at least two real estate properties in Hartford. Plaintiff's father-in-law, John Neddo, lived in and owned the three family house at 53-55 Linnmore Street, Hartford. Defendant also lived in the building and approached plaintiff to contact Neddo about selling the property to defendant. Eventually an agreement was reached between Neddo and defendant, defendant paid a $3,000 deposit, and on October 26, 1989 Neddo conveyed the property to defendant. The selling price was $88,000, a mortgage was obtained for $77,300 and the difference owed to Neddo, after credit for a $3,000 deposit and adjustments, was $9,000. This was represented by a promissory note in that amount, signed by both the plaintiff and defendant. After the closing, defendant exercised complete ownership and control of the property. He collected the rents, paid the mortgages and all maintenance expenses, cut the lawn, made repairs, and took the entire tax loss derived from owing the property. The plaintiff incurred no expenses, assumed no responsibilities, even as to the Neddo note, and obtained no benefits regarding the property.
Plaintiff testified he and defendant had an understanding CT Page 6425 that plaintiff would have a 50% interest in the property and plaintiff relied on defendant's promise. Attorney Richard Kuzmack, who represented defendant in the purchase of the Linnmore Street property, testified defendant told him plaintiff would have an interest in the property. Plaintiff also points to his signing the Neddo $9,000 note with defendant as evidence of the joint interest of the parties.
Defendant denied making the statements to Attorney Kuzmack. He testified the only reason plaintiff's name was on the Neddo note was because Neddo was plaintiff's father-in-law and wanted it, and defendant promised to hold plaintiff harmless from obligations under the note. He also pointed to negotiations between plaintiff and defendant in 1989 for plaintiff to purchase from defendant a hundred percent interest in the property, and for which plaintiff put down a deposit of $7,500 by way of credit given by defendant in that amount. The negotiations relating to the sale of the entire fee to plaintiff were confirmed by Attorney Elaine Coleman, who drew up a partial agreement. Defendant also testified that the first time plaintiff claimed a half interest in the property was in 1990 when plaintiff was in a divorce suit and plaintiff said he had to give a half interest in the property to his wife's parents, the Neddos, as part of the divorce settlement.
There are cross-currents of testimony and evidence but after balancing all the evidence and evaluating the credibility of the witnesses, this court concludes there was no agreement for understanding between plaintiff and defendant for the plaintiff to get any interest in the Linnmore Street property.
Plaintiff also claims a constructive trust of a fifty percent interest in the property or his benefit arose out of the confidential and trusting relationship between the brothers which defendant has breached by denying him his proper share.
While there are relationships which give rise to a presumption of trust, such as parent and child, and husband and wife, "that relationship must be one where there is ordinarily a special trust and confidence and the likelihood of the exercise of personal influence and control such that one would expect of the other fair dealings and mutual consideration." Worobey v. Sibieth, 136 Conn. 352, 359 (1949); Zack v. Guzauskas, 171 Conn. 98,104 (1976). No such relationship existed between the plaintiff and defendant. They were experienced businessmen who had entered into several previous partnerships under specific agreements and dealt with each other in business-like ways. The court finds in the Linnmore Street transaction no special trust or confidence between them and no exercise of personal influence of control by one over the other. The fact that they CT Page 6426 are brothers, in and of itself, creates no confidential relationship. Thus, the court finds no constructive trust was created between the parties and moreover, it was not breached.
As to defendant's counterclaim, the court finds on May 11, 1988 defendant borrowed $30,000 from the Norwich Savings Society and loaned it to plaintiff. On October 11, 1988 defendant borrowed $50,000 from Norwich Savings Society and paid obligations of plaintiff totalling $35,809.05. From the $50,000 defendant credited plaintiff with $7,500 as a deposit paid to him for the attempted purchase by plaintiff of defendant's interest in Linnmore Street, but since that transaction did not take place, the $7,500 should no longer be a plaintiff obligation. Thus, the total amount due and owned by plaintiff to defendant is $65,809.05 plus interest at the statutory rate on $30,000 from May 11, 1988 and on $35,809.05 from October 11, 1988.
Judgment may enter for defendant on plaintiff's complaint and judgment may enter for defendant against plaintiff on defendant's counterclaim for $65,809 plus interest as stated above.
Defendant has requested a finding pursuant to 52-226a that plaintiff's action or any of the counts of the action were without merit and not brought or asserted in good faith. Clearly the plaintiff's action was without merit, but the court does not find it was not brought of asserted in good faith.
SATTER, STATE TRIAL REFEREE