[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
DISCUSSION
On April 21, 1999, the Cheshire Police officer seized a 1993 Dodge CT Page 5764 Daytona from Andrew Mahaffy after Andrew admitted that he was selling marijuana and using the vehicle to transport the marijuana. The State of Connecticut petitioned the Court in a proceeding in rem to order the forfeiture of the vehicle pursuant to General Statutes § 54-36h (b). Andrew's parents, Gary J. Mahaffy and Shirley M. Mahaffy, have requested the return of the seized property asserting an interest in the property.
The issue in dispute in this case is whether a vehicle titled in a defendant's name may be forfeited to the state following a criminal conviction involving the use of that vehicle when the parents of the defendant have asserted an interest in the vehicle because they paid the purchase price and have a promissory note from the defendant?
For reasons more fully set forth herein, this court holds that the vehicle may not be forfeited because the parents have a resulting rust in the vehicle.
General Statutes § 54-36h (a)(4) provides that property shall be subject to forfeiture to the state if it is "used or intended for use, in any manner or part, to commit or facilitate the commission of a violation for pecuniary gain of section 21a-277 or 21a-278."[1] Gary and Shirley Mahaffy have asserted that the property is not subject to forfeiture pursuant to General Statutes § 54-36h (c), which states that "[n]o property shall be forfeited under this section to the extent of the interest of an owner or lien holder by reason of any act or omission committed by another person if such owner or lien holder did not know and could not have reasonably known that such property was being used or was intended to be used in, or was derived from, criminal activity."
Gary and Shirley Mahaffy claim that they are the effective owners of the vehicle, and that they did not know and could not have reasonably known that the vehicle was used in criminal activity. The state has not disputed the Mahaffy's claim that they did not know that Andrew Mahaffy was using the vehicle to transport drugs with the intent to sell the drugs. Therefore, the issue before this Court is whether Gary and Shirley Mahaffy are the owners of the vehicle precluding forfeiture pursuant to § 54-36h (c).
The following facts are necessary for the determination of this issue. The vehicle at issue was purchased on March 18, 1999, from Dodge Village, Inc. for $4,838.60. (State's Exhibit 1). The vehicle was titled and registered in the name of Andrew J. Mahaffy. (State's Exhibits 4, 5, 6, and 7). The payment for the vehicle was a check from a checking account in the name of Gary and Shirley Mahaffy. (Defendant's Exhibit A). A promissory note in the amount of $6,000.00 payable to Gary and Shirley CT Page 5765 Mahaffy from Andrew Mahaffy was signed on March 18, 1999, the same day as the purchase of the vehicle. (Defendant's Exhibit B). Shirley Mahaffy testified that the agreement between Andrew and his parents was that if he failed to make payments on the note, his parents would take the vehicle and sell it. Gary and Shirley Mahaffy claim that their loan to their son on March 18, 1999, as evidenced by a promissory note, gave them an interest as owners of the vehicle, thus precluding forfeiture.
"While the penalty of forfeiture is . . . not `foreign' to our criminal law, . . . such a sanction must be strictly construed to protect fundamental constitutional rights. . . . Forfeiture statutes in particular have been narrowly construed. . . . In applying this rule of construction, however, we must not frustrate the evident design of the legislature." (Citations omitted.) State v. Champagne, 206 Conn. 421,430, 538 A.2d 193 (1988).
General Statutes § 54-36a (3) defines "owner" as "a person or persons entitled to seized property as a matter of law or fact." Gary and Shirley Mahaffy submit that they are owners as defined in § 54-36a
(3) because they are entitled to the seized property as a matter of law and fact as the beneficiaries of a resulting trust in the vehicle. "When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money. . . .Cohen v. Cohen, [182 Conn. 193, 201, 438 A.2d 55 (1980)]. The party seeking to impose the resulting trust need only show that the purchase money was paid by him and legal title was taken in another to gain the benefit of the presumption. Farrah v. Farrah, 187 Conn. 485, [187 Conn. 495], 501, 446 A.2d 1075 (1982). The presumption is one of fact rather than law and may be rebutted. Foz v. Shanley, [92 Conn. 350, 357, 109 A. 249
(1920)]." (Footnote omitted; internal quotation marks omitted.)Saradjian v. Saradjian, 25 Conn. App. 411, 414, 595 A.2d 890 (1991). "If the nominal grantee is a natural object of the payor's bounty, then the presumption of trust is rebutted, because the law presumes a donative intent." Farrah v. Farrah, supra, 187 Conn. 500. "Extrinsic evidence, either written or [oral], is admissible on behalf of the parent paying the price to rebut the presumption of an advancement or gift, and to show that a trust results. . . ." Denby v. Commissioner, 6 Conn. App. 47,54, 502 A.2d 954 (1986).
Gary and Shirley Mahaffy paid the money to purchase the vehicle, but the vehicle was titled in the name of Andrew Mahaffy. Thus, the initial presumption is that a resulting trust is in effect in favor of Gary and Shirley Mahaffy. The initial presumption is rebutted, however, because Andrew is Gary and Shirley's son, and thus, this Court must presume that CT Page 5766 the vehicle was a gift from Gary and Shirley to Andrew. Gary and Shirley Mahaffy presented sufficient extrinsic evidence, however, to rebut the presumption that the purchase of the vehicle was a gift. The promissory note from Andrew Mahaffy to Gary and Shirley Mahaffy created on the day of the purchase of the vehicle evidences the intention to create a loan from Gary and Shirley Mahaffy to their son at the time of the purchase. Shirley Mahaffy's testimony that the intent between the parties was that the Andrew would return the vehicle to them if the promissory note was not paid evidences the intent by the Mahaffys that the purchase of the vehicle for Andrew was not a gift. Therefore, a resulting trust was created at the time of the purchase of the vehicle. The resulting trust entitles Gary and Shirley Mahaffy to the seized vehicle thereby creating an ownership interest in the vehicle for Gary and Shirley Mahaffy and precluding forfeiture of the vehicle.
 Angela Carol Robinson Judge