[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This action comes before the court on the defendants' motion to strike the codefendant's second and third cross claims. For the reasons stated below, the defendants' motion to strike the second and third cross claims is granted.
 I. FACTS AND PROCEDURAL HISTORY
The underlying complaint alleges the following facts. The defendant, Jones, and the plaintiff; Calvanese Kastner, entered into a written agreement dated March 30, 2000 (the land contract), whereby the plaintiff agreed to buy a certain piece of property in the town of Plainville (the Plainville property) within twenty days from the satisfaction of the contingencies set forth therein. At the time the land contract was executed Jones was the record owner of the Plainville property and had actual and apparent authority to enter into the land contract. On or about May 15, 2000, the defendant, Poulos, caused an affidavit to be filed in book 365 at page 457 of the Plainville Land Records stating that he, Jones and Donald Mecca each owned a one-third interest in the Plainville property and that Jones's attempt to sell it was without the consent or approval of the other owners. As a result of the affidavit, the Plainville property was never conveyed pursuant to the land contract and the underlying lawsuit ensued.
On August 28, 2000, Poulos filed an answer to the complaint along with a cross claim against Mecca and Jones. The cross claim contains three counts. The first cross claim alleges a breach of fiduciary duty in that Jones and Mecca were unauthorized to enter into any agreement concerning the Plainville property and that Jones and Mecca were holding Poulos' one-third interest in the Plainville property in trust for his benefit. The second cross claim alleges that Jones and Mecca breached their contract to hold Poulos' interest in trust. The third cross claim alleges CT Page 2220 that Jones and Mecca were negligent by entering into the contract without Poulos's permission and by failing to notify Poulos of the negotiations and terms of the contract.
On November 1, 2000, Jones and Mecca filed a motion to strike Poulos's second and third cross claims accompanied by a memorandum of law. Jones and Mecca move to strike the second cross claim on the ground that the facts asserted regarding the alleged contract are insufficient to satisfy the Statute of Frauds. They move to strike the third cross claim on the ground that Poulos failed to plead the existence of a duty owed to him and any alleged duty established by virtue of a contractual relationship would fail because Poulus did not sufficiently allege a writing that would satisfy the Statute of Frauds.
Poulos filed a memorandum in opposition to the motion to strike wherein he argues that the alleged facts are sufficient to support the imposition of an equitable trust and, thus, the motion to strike the second cross claim should be denied. Additionally, Poulos argues that the motion to strike the third cross claim should be denied because Jones and Mecca owe Poulos a fiduciary duty by virtue of the equitable trust.
Jones and Mecca filed a reply memorandum of law wherein they argue that the second cross claim seeks redress through breach of contract, not equitable trust or unjust enrichment. They argue that the second cross claim should be stricken because Poulos failed to allege a writing sufficient to satisfy the Statute of Frauds where the alleged contract concerns an interest in land. Additionally, Jones and Mecca argue that the third cross claim should be stricken because the facts are insufficient to support an equitable trust there can be no duty imposed through such trust. The court has reviewed all the pleadings submitted by the parties in connection with the motion to strike and now issues this memorandum of decision.
 II. DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). "The role of the trial court [is] to examine the [cross claim], construed in favor of the [cross complainant], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexCT Page 2221Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [cross complaint]." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
A. The Second Cross Claim
Jones and Mecca argue in their motion to strike that Poulos's claim for breach of contract in the second cross claim should be stricken because the facts alleged in the cross complaint are insufficient to satisfy the Statute of Frauds requiring that any transfer of an interest in land be memorialized in writing. Poulos opposes the motion on the ground that the facts are sufficient to establish an equitable constructive trust or, in the alternative, an equitable resulting trust.
"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." Consumer Incentive v.Memberworks, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362655 (April 25, 2000, Melville, J.). Therefore, to sufficiently plead breach of contract Poulos must allege facts which support the formation of an agreement. "Our [S]tatute of [F]rauds, General Statutes § 52-550, requires that every agreement or memorandum of an agreement `for the sale of real property or any interest in or concerning real property' be in writing and signed by the party to be charged in order for a civil action to be maintained against that party." L R Realty v. Connecticut National Bank, 53 Conn. App. 524,541, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). In the present case, there are no allegations of a written agreement. "In this jurisdiction, however, the law is established that the Statute of Frauds does not apply to trusts arising by operation of law." Hieble v.Hieble, 164 Conn. 56, 59, 316 A.2d 777 (1972). For the court to impose a trust by operation of law, Poulos must allege facts sufficient to establish either a constructive trust or a resulting trust.
"The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . . . Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Schmaling v.Schmaling, 48 Conn. App. 1, 18, 707 A.2d 339, cert. denied, 244 Conn. 929,711 A.2d 727 (1998). "Before a trial court finds that a constructive trust exists and should be imposed, the court must find that a confidential relationship existed between the transferor and the transferee at the time of transfer of the property." Gulack v. Gulack, CT Page 222230 Conn. App. 305, 312, 620 A.2d 181 (1993). In the present case, Poulos has not alleged any facts that establish a confidential relationship between Poulos, Jones and Mecca, he merely alleges the existence of a trust without any supporting facts. Accordingly, the facts alleged in the cross claim are insufficient to support a cause of action for a constructive trust.
"When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money. . . . The party seeking to impose the resulting trust need only show that the purchase money was paid by him and legal title was taken in another to gain the benefit of the presumption." (Citations omitted; internal quotation marks omitted.) Saradjian v. Saradjian,25 Conn. App. 411, 414, 595 A.2d 890 (1991). "Because a trust will result only in the party who pays the purchase price at the time of the conveyance, the party seeking to establish the trust has the burden of proving the facts necessary to raise a resulting trust, including the fact that he paid the purchase price. . . . The law will infer the intention when those facts are found. . . . The party seeking to establish a resulting trust may prove consistent intention by parol evidence. The [S]tatute of [F]rauds does not extend to implied trusts because the intention is evidenced by conduct rather than by language." Farrah v.Farrah, 187 Conn. 495, 501, 446 A.2d 1075 (1982).
In the present case, Poulos does not allege that the purchase price was paid by him. Poulos merely alleges "the Defendants, Costos Jones and Donald M. Mecca, held the Defendant's [one-third] interest in property in trust for the benefit of the Defendant, Theordore Poulos." (Answer to Complaint and Cross Claim, June 28, 2000, ¶ 3.) "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Therefore, Poulos does not gain the benefit of the presumption of a resulting trust by merely stating that the property was held in trust. Accordingly, the second cross claim must be stricken.
B. The Third Cross Claim
The third cross claim alleges negligence. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. Our analysis in this case begins and ends with the first element, duty. The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular CT Page 2223 situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citation omitted; internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994).
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated; . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant." (Citation omitted; internal quotation marks omitted.) Id., 385.
In the present case, Poulos has not alleged any facts establishing a relationship between himself; Jones and Mecca. Furthermore, Poulos has not alleged facts that, if proved, would support a finding that the specific harm was foreseeable. Accordingly, the third cross claim must be stricken for failing to allege facts sufficient to establish a cause of action for which relief can be granted.
 III. CONCLUSION
For the foregoing reasons, the defendants' motion to strike the cross complainant's second and third cross claims is hereby granted. It is so ordered.
Patricia A. Swords Judge of the Superior Court