[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Margaret Diamond commenced a civil suit against her mother-in-law and father-in-law, Faith and Arnold Diamond. At issue is the extent of the plaintiff's interest in a residence located at 2 Sachem Street in Norwalk, the legal title to which was held by the defendants. The plaintiff claimed an equitable interest of 25.24% in the property based in part on alleged contributions she made toward the purchase of the property in 1986 and toward subsequent improvements in the property.
The defendants denied many of the material allegations of the complaint and counterclaimed that the plaintiff agreed to pay rent to reside in the property and had breached the rental agreement.
This matter comes to court after a trial before an Attorney Trial Referee (ATR). The ATR has issued a Report setting forth thirty-four findings of fact which were stipulated to by the parties, twenty-three additional findings of fact made by the ATR and a recommended ruling. None of the parties has filed an objection to the Report, and neither counsel appeared at Short Calendar when this matter came up for consideration. See Practice Book §§ 19-2A — 19-15.
The findings of fact made by the ATR have not been challenged, nor is there any basis for the court to challenge, or even review, the findings since the transcript of the trial and the exhibits have not been filed with the court. Therefore, the ATR's findings of fact are adopted by the court.
The ATR's findings include the following: (1) there was an agreement between the parties that if the plaintiff and her husband made all of the rental payments for the life of the mortgage on the residence, the defendants would transfer the residence to them; (2) there was no agreement that the plaintiff would owe to the defendants any arrearages in the rent and (3) there was no agreement that the plaintiff's improvements to the house would be reimbursed to her by the defendants. CT Page 1333 The ATR further found that the plaintiff had contributed $43,612.80 toward the $210,000 purchase price of the property (20.76%). The net proceeds of a recent sale of the house was $126,664.33.
In his recommended decision the ATR concluded there was a resulting trust in favor of the plaintiff in the amount of 20.76% of the net proceeds of sale. This amount was arrived at when the ATR disregarded the parties' claims as to improvements made to the house, taxes paid and rental arrearages because of his factual determination that there was no agreement among the parties as to how or whether they would be credited, debited, or allocated.
The conclusion that there was a resulting trust in favor of the plaintiff as a result of her payment of a portion of the purchase price was based on Cohen v. Cohen, 182 Conn. 193 (1980). This is an appropriate legal conclusion. See Farrah v. Farrah, 187 Conn. 495 (1982); Saradjianv. Saradjian, 25 Conn. App. 411 (1991).
The court approves the ATR Report and orders judgment entered that plaintiff take $26,295.51 of the net proceeds of the 2 Sachem Street property.
____________________ ADAMS, J.