[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A. BACKGROUND
By his five count Amended Complaint dated November 30, 2001, the plaintiff alleges that he has equitable title to one-half of property known as 107 Niles Road, New Hartford, CT and that the defendant Donovan is holding legal title to that one-half for the benefit of the plaintiff (First Count), and that the defendant has thereby been unjustly enriched (Third Count). The Second Count is no longer an issue in the case. The Fourth and Fifth Counts are against a second defendant, Frederick Warner. The plaintiff alleges that the defendant Warner and the defendant Donovan each have a legal one-half interest in the property, and that title held by Warner is for the benefit of the plaintiff and the CT Page 9371 defendant Donovan. (Fourth Count). The plaintiff also alleges that the defendant Warner has thereby been unjustly enriched at the expense of the plaintiff. (Fifth Count). The plaintiff's claim for relief in Counts One and Three is a decree ordering the defendant Donovan to deed to the plaintiff one-half of her share of the real estate, or some other fair and equitable relief. As to the defendant Warner, in the Fourth and Fifth Counts, the plaintiff seeks a decree declaring what interest Warner has, and fair and equitable relief resulting from that.
By way of Answer to Amended Complaint, the defendant, Donovan, (now married with the last name of Barden), denied all the allegations made against her. In his Answer, the defendant, Warner has basically denied all the allegations of the complaint.
B. Factual Findings
The court has reviewed the testimony of several trial days, and the exhibits introduced into evidence, and based on that evidence, and the court's evaluation of the credibility of the various witnesses, the following facts are found.
The plaintiff and the defendant Donovan met in 1987, and shortly thereafter began living together. They have two children, a daughter born in 1989, and a son born in 1993. They never married; the defendant is married to someone else, as of July 7, 2001. Donovan has been a lifelong friend of the defendant Warner's daughter and the plaintiff has known Warner since late 1987 or early 1988. Warner has been a close friend, advisor and benefactor over the years to the plaintiff and Donovan. In the summer of 1994, they were living in a rented house on Town Hill Road in New Hartford. The plaintiff had done a substantial amount of work on this house and hoped to be able to buy it, but was having difficulty reaching an agreement with the owner.
During that summer, they noticed a foreclosure sign on the Niles Road property, which was very close to the plaintiffs mother's home, where the plaintiff grew up and where the parties had first lived together. Warner agreed to help the plaintiff and Donovan obtain the house at the foreclosure sale. All three parties agreed that Warner would do the bidding at the sale in his name and that title would be in his name and Donovan's. Warner was the successful bidder at $63,000, and received a Committee's Deed dated September 17, 1994, to him alone. On December 13, 1994, Warner quit-claimed the property to himself and Donovan as joint tenants with the right of survivorship, and on the same day, he and Donovan signed a mortgage deed and note for $44,100 to Fleet Funding. On January 5, 1995, Donovan executed a mortgage note and deed of her half of the property to Warner in the amount of $16,459.39, which was the CT Page 9372 approximate amount owed to Warner for his paying for the property less the Fleet mortgage proceeds and $2,500.00 paid to him by the plaintiffs mother and $5,000 paid by the defendant's father. The plaintiff did not want his name on the title because of problems he had with the Internal Revenue Department. Warner's involvement was essential to the obtaining of the mortgage.
The plaintiff and the defendant Donovan made the monthly payments on both mortgages with most of the money being furnished by the plaintiff. On May 11, 1998, Donovan and Warner refinanced with Fleet Mortgage Corp., obtaining a loan of $60,000, and out of the proceeds of that $60,000, Warner was paid in full for the debt of $16,459.39, and he released the mortgage from Donovan. The original $44,000 bank mortgage was paid off; the payoff figure was $43,830.78. As record owner of the property along with Donovan, Warner signed the May 11, 1998 30 year mortgage and $60,000 note, but he acknowledges that he is not claiming any real ownership of the property, and is not paying anything on the note. He asserts that as soon as the mortgage is released upon full payment, he will convey back to Donovan all his right title and interest to the property. In late 2001, for the first time, Warner made a nebulous claim that he suffered a loss of $11,377.25 in an investment fund, claiming that if he had not taken money out of that fund to help Donovan at the time of the purchase of the property, it would have been appreciating, and that he has therefore sustained a financial loss. This claim has not taken the form of a pleading of any sort, nor was there any credible evidence of an agreement by anyone to reimburse Warner for any loss relating to his investment account, nor was there any persuasive evidence of the amount of any such loss.
From the time the plaintiff and defendant moved into this house in late 1994 until the plaintiff moved out for the second and final time in 2001, the plaintiff and defendant and their two children lived in the house as many families do; defendant took care of the children and worked a little outside the home, while the plaintiff worked fairly steadily outside the home, and therefore provided most of the financial support for the household. In addition, in 1996 he cashed in a retirement fund, netting about $13,000, and received an inheritance of 6,000. A portion of these funds was used in the work the plaintiff did on the house. He did a considerable amount of work enlarging and improving the house. However some of the work has been left unfinished and some of what was done, was of questionable quality. Various friends of the plaintiff helped him in his work on the house, and although he claims that he paid them by doing work for them (the barter system), the evidence of this was rather flimsy.
Defendant is now renting out the house for $700.00 per month; she is CT Page 9373 married, and not living there. Her monthly mortgage payment, including taxes is $669.00.
The plaintiff and the defendant have stipulated that the property has a fair market value of $97,500, which is $34,500 more than the purchase price.
C. Discussion
In his post-trial brief, the plaintiff seems to assert that the evidence in this case is such that he has established a basis for recovery on three grounds:
1. A constructive trust
2. A resulting trust
3. Unjust enrichment
1. Constructive Trust
 The elements of a constructive trust are the intent by a grantor to benefit a third person, the transfer of property to another who stands in a confidential relationship to the grantor with the intent that the transferee will transfer the property to a third person, and the unjust enrichment of the transferee if the transferee is allowed to keep the property. A constructive trust is created by operation of law when these elements are present.
Gulack v. Gulack Et Al. 30 Conn. App. 305, 310 (1993).
 . . a constructive trust arises "contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." 76 Am.Jur.2d, Trusts, § 221, p. 446; see Van Auken v. Tyrrell, 130 Conn. 289, 291-92, 33 A.2d 339.
Zack v. Guzauskas, 171 Conn. 98, 103 (1976). CT Page 9374
The Court concludes that the plaintiff has failed to prove the elements of a constructive trust. The court also finds no wrong doing or violation of equity or good conscience by the defendants in obtaining or holding legal title to the property.
2. Resulting Trust
 "When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once by operation of law in favor of the one paying the money."
Cohen v. Cohen, 182 Conn. 193, 201 (1980).
 When property has been acquired and maintained under circumstances that make it inequitable for the holder of the legal title to retain the entire beneficial interest, equity converts him into a trustee. Cohen v. Cohen, 182 Conn. 193, 201, 438 A.2d 55 (1980). The parties would, under these circumstances, share the property in proportion to the contribution of each to the purchase price. See Fox v. Shanley, 94 Conn. 350, 359, 109 A. 249 (1920). "`When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money . . .'" Cohen v. Cohen, supra. The party seeking to impose the resulting trust need only show that the purchase money was paid by him and legal title was taken in another to gain the benefit of the presumption.[2] Farrah v. Farrah, 187 Conn. 495, 501, 446 A.2d 1075 (1982).
 This presumption is one of fact rather than law and may be rebutted. Fox v. Shanley, supra, 357. Extrinsic evidence may be used to establish that the actual intent of the parties was otherwise;. . . .
Saradjian v. Saradjian, 25 Conn. App. 411, 414 (1991).
Since the parties and their children lived on this property as a family for about six years and contributed equally by their joint efforts toward payment; the plaintiff by his work outside the home and on the home itself, and by his earnings, labor, retirement fund and inheritance, and the defendant by her homemaking, maternal responsibilities and some work CT Page 9375 outside the home, the court concludes that it would be unfair for the defendant to retain the entire beneficial interest. The parties were joint partners in having their children and in providing a home where all four members of the family could live and flourish. The status of the record title was a mere device to make this possible. The Court imposes a resulting trust.
3. Unjust Enrichment
 "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment."
Herring v. Daniels, 70 Conn. App. 649, 663-664 (2002).
The Court concludes that the defendant received a benefit at the plaintiffs expense, under circumstances that make it unjust for her to retain the benefit.
5. Remedies
A. The Court imposes a resulting trust on one-half of the entire legal interest of the defendant, Anita Donovan Barden, in property known as 107 Niles Road, New Hartford, Connecticut, for the benefit of the plaintiff, Clay Coppinger.
B. The Court decrees that the defendant Frederick Warner, holds his one-half of legal title to real property located at 107 Niles Road, New Hartford, Connecticut in trust for the plaintiff and the defendant, Anita Donovan Barden, equally. As soon as Frederick Warner is released from the mortgage he gave on this property to Fleet Mortgage Corp. on May 11, 1998, he must convey his entire interest in the property to the plaintiff and the defendant, Donovan equally, at tenants in common, not in survivorship, unless the trust described in `Remedies' A, above, has terminated, in which case Frederick Warner must convey his entire interest to Anita Donovan (Barden).
C. The defendant, Anita Donovan, is ordered to pay to the plaintiff, on or before October 31, 2002, one-half the difference between $97,500, and the present outstanding principal balance owing on the May 11, 1998 mortgage. This represents the amount by which she has been unjustly enriched. Upon payment, all trusts in favor of the plaintiff are terminated. CT Page 9376
If the plaintiff has not been paid in full by October 31, 2002, the Court decrees that as of 12:01 A.M., November 1, 2002, Anita Donovan's title to 107 Niles Road, New Hartford, Connecticut, will vest in Anita Donovan Barden and Clay Coppinger equally, as tenants in common and not in survivorship.
Wash, J.