PRIMARY CONSTRUCTION SERVICES, LLC *v.* NORTH AMERICAN SPECIALTY INSURANCE COMPANY
(AC 21368)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Steven J. Leo* filed a brief for the appellant (defendant).

*Richard M. Franchi* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Primary Construction Services, LLC, brought this action against the defendant, North American Specialty Insurance Company, seeking to recover on a payment bond and a performance bond issued by the defendant. The bonds covered a general contractor, G & T Construction Services, Inc. (G & T Services), for a certain construction project in Westbrook. The plaintiff claimed that it had contracted with G & T Services as a subcontractor and that G & T Services had breached its contract by failing to pay the plaintiff for its work on the project. The parties disagreed over the original contract price and the extent of the work that the plaintiff had performed. Following a trial, the court found in favor of the plaintiff and awarded damages accordingly. The defendant thereafter brought the present appeal, challenging the court's determination of the original contract price. We affirm the judgment of the trial court.

The crux of this appeal is whether the court properly determined the original contract price for the plaintiff's work on the project. The defendant argues in its brief that the court improperly calculated the contract price by including the value of certain metal grates, which, it argues, were an option that the plaintiff never supplied.

We review challenges to a trial court's factual determinations under the clearly erroneous standard of review. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or

when although there is evidence in the record to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *225 Associates* v. *Connecticut Housing Finance Authority*, 65 Conn. App. 112, 116, 782 A.2d 189 (2001).

The court found that the parties had agreed to several modifications to the plaintiff's original estimate after G & T Services had accepted the plaintiff's bid to perform work as a subcontractor. The court found that the evidence established the original contract price as $53,062.30. The court then deducted from that amount the value of items that G & T Services had agreed to provide and further deducted from that figure the amount that G & T services already had paid the plaintiff to reach its final award (representing the amount owed the plaintiff on the contract).

The defendant argues that the court improperly determined the original contract price by including the value of certain metal grates that, it argues, were an option that the plaintiff never supplied. We are not persuaded. The court's discussion of how it reached the contract price is limited. The court did not state that it included the value of those grates when it arrived at the contract price, and we decline to join the defendant in so speculating.

It is apparent that the present dispute required the court to make a series of factual determinations concerning what modifications the parties made to the plaintiff's original estimate. Given the varied factual issues before the trial court and the limited record before us, we are unable to review the defendant's claim regarding the metal grates.

"Without any specific findings of fact . . . we cannot determine the basis of the court's ruling . . . ." (Internal quotation marks omitted.) *State* v. *Arisco*, 39 Conn.

App. 11, 15, 663 A.2d 442 (1995). Furthermore, "we read an ambiguous record, in the absence of a motion for articulation, to support rather than to undermine the judgment." (Internal quotation marks omitted.) Id., 16. We have noted on several occasions that an appellant bears the burden of furnishing this court with an adequate record to review. See Practice Book § 61-10. Where a trial court's decision "does not include adequate findings of fact . . . the appellant must seek an articulation of the trial court's decision as to the relevant facts it found and the underlying reasons for it." (Internal quotation marks omitted.) *Mastrolillo* v. *Danbury*, 61 Conn. App. 693, 697, 767 A.2d 1232 (2001); see Practice Book § 66-5.

The judgment is affirmed.