## JOHN PITTMAN *v.* COMMISSIONER OF CORRECTION
### (AC 20073)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Norman A. Pattis*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, and *Jo Anne Sulik*, assistant state's attorney, filed a brief for the appellee (respondent).

PER CURIAM. The petitioner, John Pittman, appeals from the judgment dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly determined that he was not deprived of the effective assistance of counsel. We affirm the judgment of the habeas court.

The petitioner was convicted of murder in violation of General Statutes § 53a-54a (a) and sentenced to sixty years imprisonment. Our Supreme Court affirmed his conviction in *State* v. *Pittman*, 209 Conn. 596, 553 A.2d 155 (1989). The habeas court denied the petitioner's amended petition for a writ of habeas corpus, and, on the granting of certification, the petitioner appealed to this court.

The petitioner claims that his attorney discussed presenting a demonstration to the jury using a mannequin, the victim's clothing and knives similar to those owned by the petitioner. No such demonstration was conducted. The habeas court, in its memorandum of decision, concluded that the petitioner failed to prove that the use of a mannequin would have affected the result of the trial or that trial counsel's performance prejudiced the petitioner.

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citation omitted; internal quotation marks omitted.) *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 737–38, 779 A.2d 156 (2001).

"[T]o prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) Id., 738.

On the basis of our review of the record, we conclude that the habeas court properly determined that the petitioner failed to satisfy his burden of establishing that his trial counsel provided ineffective assistance under *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The judgment is affirmed.