# LLOYD WRIGHT *v.* CARMEN MALLETT
## (AC 26204)

DiPentima, Gruendel and Hennessy, Js.

Argued January 9—officially released April 11, 2006

*Michael V. Vollono*, for the appellant (plaintiff).

*Michael S. Wrona*, for the appellee (defendant).

*Opinion*

HENNESSY, J. The issue before us involves the division of proceeds from a partition sale of real property

that originally was purchased by the defendant and subsequently held by the plaintiff and defendant in tenancy in common. The trial court determined that the plaintiff did not have an equitable or financial interest in the property because he did not pay for his one-half interest, nor did he prove by a preponderance of the evidence that his one-half interest was a gift from the defendant. On appeal, the plaintiff claims that the court's determination was improper because (1) there was a presumption of donative intent that the defendant failed to rebut and (2) even if a presumption of donative intent did not exist, he proved by a preponderance of the evidence that his one-half interest was a gift from the defendant. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our discussion. While the plaintiff, Lloyd Wright, and the defendant, Carmen Mallet, were romantically involved but not married or engaged, the defendant purchased a parcel of land located in Meriden for $60,000 by way of a warranty deed exclusively in her name.[1] The defendant then immediately quitclaimed an undivided one-half interest in the land to the plaintiff, creating a tenancy in common. The deeds were properly executed and recorded.

Subsequently, the parties' relationship ended. As a result, the plaintiff brought a partition action pursuant to General Statutes § 52-500 by way of a complaint dated August 11, 2000, and an amended complaint dated August 30, 2001. On September 11, 2001, the defendant filed an answer and counterclaim alleging breach of contract, quantum meruit and dissolution of partnership. Both parties agreed to sell the subject property and deposit the proceeds in escrow. The property was

[1] The closing documents also reflect that the defendant alone paid the $60,000 purchase price.

ultimately sold for $55,000, and the funds are being held in escrow.

On September 28, 2004, a hearing was held to determine the equitable division of the sale proceeds. The plaintiff offered two theories for why he had an equitable interest in the property. First, he argued that he paid the defendant $30,300 for his one-half interest. Second, he argued that his one-half interest was a gift. At the hearing, however, the plaintiff testified that he paid the defendant for his interest in the subject property and that it was not given to him. He never offered evidence that his one-half interest was a gift from the defendant. The defendant testified that the plaintiff never paid her for his one-half interest. She also testified that she never intended the one-half interest in the property to be a gift to the plaintiff. The court credited the defendant's testimony and determined that the plaintiff did not have an equitable or financial interest in the property because he neither paid for his one-half interest nor proved by a preponderance of the evidence that his one-half interest was a gift from the defendant.[2] This appeal followed. Additional facts will be set forth as necessary.

Before we address the parties' claims, we set forth the applicable standard of review. A partition is equitable in nature, and "[t]he determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the . . . discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal

---

[2] The court awarded the plaintiff the expenses that he incurred in maintaining the subject property.

quotation marks omitted.) *Kubish* v. *Zega*, 61 Conn. App. 608, 615, 767 A.2d 148, cert. denied, 255 Conn. 949, 769 A.2d 62 (2001).

I

We first address the plaintiff's claim that there was a rebuttable presumption of donative intent that the defendant failed to rebut. A rebuttable presumption of donative intent exists when the grantee is the natural object of the grantor's bounty. *Farrah* v. *Farrah*, 187 Conn. 495, 500, 446 A.2d 1075 (1982). We traditionally have recognized such a presumption between husband and wife. *Trenchard* v. *Trenchard*, 141 Conn. 627, 630, 109 A.2d 250 (1954). We also have recognized such a presumption in certain circumstances involving a parent and child. See *Zack* v. *Guzauskas*, 171 Conn. 98, 101 n.1, 368 A.2d 193 (1976). We have, however, never recognized such a presumption between an unmarried couple, and we see no reason to do so at this time. We therefore hold that a rebuttable presumption of donative intent does not exist between an unmarried couple.

II

We next address the plaintiff's claim that even if a presumption of donative intent did not exist, he proved by a preponderance of the evidence that his one-half interest was a gift from the defendant. The donative intent of a grantor is an issue of fact. *Schmaling* v. *Schmaling*, 48 Conn. App. 1, 11, 707 A.2d 339, cert. denied, 244 Conn. 929, 711 A.2d 727 (1998). "It is well established that [o]ur review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding

of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Wagner & Wagner Auto Sales, Inc.* v. *Tarro*, 93 Conn. App. 376, 383–84, 889 A.2d 875, cert. granted on other grounds, 277 Conn. 932, 896 A.2d 103 (2006).

Here, the court found that the plaintiff failed to prove by a preponderance of the evidence that his one-half interest in the subject property was a gift from the defendant. After reviewing the entire record, we conclude that the evidence overwhelmingly supports the court's finding. First, the plaintiff himself testified that his one-half interest in the subject property was not a gift. Second, the defendant testified that she never intended the transfer of the plaintiff's one-half interest in the subject property to be a gift. In fact, there is nothing in the record that even remotely suggests the transfer was intended to be a gift. The court's finding that the plaintiff failed to prove by a preponderance of the evidence that his one-half interest in the subject property was a gift from the defendant was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.