POSITIVE IMPACT CORPORATION *v.* INDOTRONIX
INTERNATIONAL CORPORATION
(AC 26429)

Bishop, McLachlan and Pellegrino, Js.

362

Argued March 31—officially released July 4, 2006

*Gerald Hecht*, for the appellant (defendant).

*Sheila A. Huddleston*, with whom were *Andrew M. Zeitlin* and, on the brief, *Lucas M. Cussen*, for the appellee (plaintiff).

BISHOP, J. The defendant, Indotronix International Corporation, appeals from the judgment of the trial court rendered in favor of the plaintiff, Positive Impact Corporation. On appeal, the defendant claims that the court improperly held that it had breached its express contract with the plaintiff. We affirm the judgment of the trial court.

The following factual and procedural history is pertinent to our discussion of the issue on appeal. On December 10, 2002, the plaintiff and the defendant entered into a contract, through which the plaintiff agreed to install new accounting software for the defendant, as well as to provide maintenance and implementation services. The contract contained an integration clause stating that "[t]hese contracts encompass all agreements made between [the defendant] and [the plaintiff]. As such, no alteration, amendment, deletion or other change to these agreements shall be binding unless reduced to writing signed by an authorized officer of [the defendant] and [the plaintiff]." The contract provided, as well, that "[a]ny other expenses not listed herein are to be pre-approved by [the defendant]." The contract also provided that "uncollected fees are subject to a finance charge of 1.5 [percent] per month" and that the plaintiff would be responsible for "all reasonable costs of collection including, but not limited to any and all attorney fees, expert witness fees, and court fees deemed reasonable by the court of jurisdiction."

On October 14, 2003, the plaintiff commenced this three count action against the defendant, alleging breach of an express contract, breach of an implied contract and unjust enrichment. In its complaint, the

plaintiff alleged, in essence, that it provided additional services at the specific request of the defendant, that the defendant verbally agreed to pay for these additional services, and that while paying the total amount of the original contract price and a part of the balance due for the additional services, the defendant refused to remit the total balance due. The defendant, in response, claimed that the additional services provided by the plaintiff were either within the scope of the original contract or services outside the scope of the contract, which had been neither authorized nor approved. The defendant counterclaimed to recoup the amount it had paid to the plaintiff beyond the written contract price.

Following a court trial, the court found that an express contract existed between the parties for the additional services provided by the plaintiff that were not set forth explicitly in the parties' written agreement. The court also found that the defendant's failure to pay for these services constituted a breach of the express contract and awarded the plaintiff damages in the amount of $143,173.24 including interest and attorney's fees. This appeal followed.

The defendant claims that the court improperly held that it breached the parties' express contract by failing to pay for additional services provided by the plaintiff. Specifically, the defendant argues that the court improperly held that the plaintiff (1) proved the existence of an express contract, (2) established the value of the additional services, and (3) was entitled to interest and attorney's fees on the express contract.

I

The defendant first asserts that the plaintiff failed to establish that an express contract existed in addition to the written contract. We disagree.

"The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence."

(Internal quotation marks omitted.) *Heller* v. *D. W. Fish Realty Co.*, 93 Conn. App. 727, 731, 890 A.2d 113 (2006). "It is well established that [o]ur review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Wright* v. *Mallett*, 94 Conn. App. 789, 792–93, 894 A.2d 1016 (2006).

Here, the defendant claims that the court's holding that the parties had an express contract is contradicted by the integration clause in the contract. We are not persuaded. Although the integration clause states, in essence, that the written agreement, as signed, constituted the entire agreement of the parties, the agreement, by its own terms contemplated additional services, albeit at a rate to be preapproved. Additionally, nothing in the integration clause precluded the parties from forming an express agreement for additional services. Whether such an agreement was made falls uniquely within the fact-finding province of the trial court. As we previously stated, "[w]e cannot retry the facts or pass on the credibility of the witnesses." (Internal quotation marks omitted.) Id., 792. The court found that "the evidence [led] ineluctably" to the conclusion that the plaintiff provided additional services to the defendant, that the defendant approved these services and that although the defendant agreed to remit payment for the services, it failed to do so. The court also found that on the basis of the evidence adduced at trial, the

defendant's actions belied its claim that it had not contracted with the plaintiff for additional services. The court noted that the defendant, on several occasions, acknowledged that it had authorized the plaintiff to perform additional services, outside the scope of the original contract, and that the defendant paid the plaintiff for some of the additional services. The court also found that the plaintiff sent the defendant invoices, almost weekly, detailing its additional services and the cost of the services. Additionally, the court found that even though the defendant had notice that the plaintiff was performing additional services and the cost of these services, the defendant did not question the propriety of the charges until seven months after the plaintiff began to demand payment for its services. There was ample evidence in the record to support these factual findings. Accordingly, the court's findings that an express contract existed between the parties for the additional services and that the defendant breached that contract were not clearly erroneous.

## II

The defendant next claims that the plaintiff failed to prove the value of its services. Specifically, the defendant argues that because there was no agreement as to an hourly rate for the additional services, the court improperly used the hourly rate set forth in the written contract to determine the value of the additional services. This argument merits little discussion.

We have held previously that "[w]ithout any specific findings of fact . . . we cannot determine the basis of the court's ruling . . . . Furthermore, we read an ambiguous record, in the absence of a motion for articulation, to support rather than to undermine the judgment. . . . [A]n appellant bears the burden of furnishing this court with an adequate record to review. . . . Where a trial court's decision does not include

adequate findings of fact . . . the appellant must seek an articulation of the trial court's decision as to the relevant facts it found and the underlying reasons for it." (Citations omitted; internal quotation marks omitted.) *Primary Construction Services, LLC* v. *North American Specialty Ins., Co.*, 66 Conn. App. 828, 830–31, 785 A.2d 1218 (2001). "In the absence of an adequate record, we presume that the trial court, in rendering its judgment undertook the proper analysis of the law and the facts." *Rollar Construction & Demolition, Inc.* v. *Granite Rock Associates, LLC*, 94 Conn. App. 125, 134, 891 A.2d 133 (2006).

Here, the memorandum of decision provides no discussion as to how the court determined the value of the additional services, and neither party sought an articulation of the court's basis for determining an hourly rate. To the extent that the defendant invites this court to speculate as to the court's reasoning, we decline. Rather, given the limited record before us, we must conclude that the court in rendering its judgment undertook the proper analysis of the law and the facts. See id.

### III

The defendant's final claim challenges the basis of the court's award of interest and attorney's fees. Specifically, the defendant asserts that it was internally inconsistent for the court, on one hand, to hold that the additional services performed by the plaintiff were not set forth in the original contract and, on the other hand, to award interest and attorney's fees to the plaintiff on the basis of a provision in the original contract. We are not persuaded.

As we have stated, although the original written contract contained an integration clause, it also appeared to contemplate the need for additional services and provided that "[a]ny other expenses not listed herein

are to be pre-approved by [the defendant]." The first count of the plaintiff's complaint alleged that the defendant breached the parties' express contract by failing to pay the plaintiff for "services specifically described in the [a]greement and services not specifically described in the [a]greement . . . [but] pre-approved" by the defendant. The court ruled in favor of the plaintiff as to this count and held that the plaintiff had proved that a balance was due "under both the written contract, plus the services performed outside the contract, but [verbally] authorized by the defendant . . . ." The court further held that "the defendant agreed to be responsible for interest and attorney's fees . . . ."

Although the court found that the defendant breached an express contract with the plaintiff, the court did not opine whether the contract to which it referred was solely the original written contract or an express oral agreement between the parties regarding supplemental services. Despite the defendant's assertion to the contrary, there is no indication that the court's holding that "the defendant agreed to be responsible for interest and attorney's fees" was based solely on the court's reading of the original contract. It also is not clear whether the court found that the additional services provided by the plaintiff were controlled by the terms of the written contract. Indeed, the memorandum of decision is devoid of any discussion by which we can measure and evaluate the factual predicate for the court's holding. As we have stated previously, it is the appellant's duty to provide this court with an adequate record for review. *Primary Construction Services, LLC* v. *North American Specialty Ins. Co.*, supra, 66 Conn. App. 831. In the absence of such a record, we assume that the court's findings were not clearly erroneous and accordingly affirm the judgment of the court. See id.

The judgment is affirmed.

In this opinion the other judges concurred.